## BOYNTON & YEOMANS *vs.* HOYT.

In *scire facias* to revive an ejectment suit in favor of the devisees of the original plaintiff, who had died pending the suit and before trial, brought pursuant to 2 *R. S.* 308, § 32, it was held that, the object of the proceeding being to prevent an abatement, by substituting as plaintiffs the persons who had succeeded to the title of the former plaintiff, it was not nesessary for the persons proposed to be substituted to show that the testator had title to the premises.

In such a proceeding, it is however necessary for the persons asking to be made plaintiffs, to show that they have succeeded to such title as the former plaintiff had ; and when they claim as devisees, they must establish a valid devise to themselves.

Where an express trust is created by will to sell or mortgage lands, pursuant to the 1st or 2d subdivisions of § 55 of the revised statutes concerning uses and trusts,

and the trustees are not also empowered to receive the rents and profits, no estate vests in the trustees.

A devise of lands in trust to receive the rents and profits and apply them to the use of the testator's family, is a valid devise, and passes the title to the trustees; but a trust to accumulate rents and profits for the benefit of the testator's *wife* and minor children is void, such trusts being allowed for the benefit of minors only.

Where a testator devised his estate to trustees to receive and apply the rents and profits, which as to its object was a valid trust under the 3d subdivision of § 55, but which trust was to continue until the testator's youngest child would, if living, attain the age of twenty years, held that the devise was void, for suspending the power of alienation for a period not limited by the continuance of two lives in being at the creation of the estate.

The utmost limit for the continuance of the estate must be bounded by life, and no certain term for its continuance, however short, can be supported.

SCIRE FACIAS. The writ recited that Vaniah Yeomans in July, 1841, commenced an action of ejectment against Hoyt to recover 52 acres of land in Walworth, Wayne county; that issue was joined in that action, and then, in April, 1842, Yeomans died, having first duly made and published his will, attested, &c., by which he devised his estate, real and personal, to the said Jonathan Boynton and T. G. Yeomans, the plaintiffs in the scire facias, in fee; and that the devisees proved the will. The writ then called upon Hoyt to show cause why the names of the devisees, Boynton and Yeomans, should not be substituted as plaintiffs, pursuant to 2 *R. S.* 308, § 32. The defendant pleaded that the said Vaniah Yeomans did not devise the said 52 acres of land to the said B. and Y., or any part thereof, concluding to the country.

On the trial of the issue at the Wayne circuit, before MOSELEY, C. Judge, in August, 1843, Boynton and Yeomans gave in evidence the will of Vaniah Yeomans, dated March 1, 1842, by which he devised and bequeathed as follows: "*Second.* I direct that all my just debts 'at my decease be paid by my executors hereinafter named, out of my real and personal estate. *Third.* I direct that my two daughters be educated to such an extent as my wife, under the advice of my executors, shall deem advisable; and in case of her decease, to such extent as my executors shall deem advisable, in their judgment, at the expense of my estate. *Fourth.* I direct that my beloved wife and

daughters be maintained and supported at the expense of my estate, in a suitable and proper manner, having reference to my estate and their rank and condition in life, namely, my wife *until the period when my youngest child* WOULD (*if living*) *attain to the age of twenty years,* and my daughter to the same period. *Fifth.* I direct that my household furniture remain to the use and subject to the control of my beloved wife, and not to be sold without her consent, *until a division* of my estate shall be made as hereinafter mentioned; and then to go in distribution as hereinafter stated. *Sixth.* I bequeath and devise all my estate, real and personal, to Jonathan Boynton, the father of my wife, and Theron G. Yeomans, my brother, both of Walworth, in said county of Wayne, (*in trust,* nevertheless,) and they are hereby authorized and empowered to take charge of my estate at my decease, (except the household furniture before mentioned, which they are to leave at the free use of my beloved wife.) They are to collect, compound and settle all my claims and demands of every description, and convert my personal property, other than said furniture, into money or available securities, when and as fast as they, in their discretion, shall deem for the interest of my family and the advantage of my estate. They are to rent out, lease or mortgage my real estate as they shall deem fit and to effect the best interest of all concerned, receive the rents and profits of my real estate and all sums by way of accumulation of my estate, by means of rent or interest, or otherwise.

" They are also hereby empowered to sell the whole or any part of my real estate at my decease as, in their judgment, may be for the good of the estate and the parties interested, give the necessary conveyances on such sale or sales. They are to appropriate out of my estate sufficient to support and sustain my wife and children, and complete their education as herein before stated. They are to keep moneys arising from their management of my estate out at interest, and take such securities for the payment thereof as they shall, in their discretion, deem good and ample to secure the money loaned. In case of the death of either or both of my daughters before the division

of the property as hereinafter named, or before they shall respectively arrive at the age of twenty-one years, it is my will that my beloved wife receive the portion or portions allotted to them or either of them; and in case of the death of my wife and children during the minority of the youngest daughter, it is my will that my estate descend to my next of kin, according to law. I further direct and empower my executors hereinafter named, in their judgment and at their discretion, to sell any portions of my real estate, and with the avails thereof purchase other real estate to themselves, in trust, for my family. I hereby further empower my executors herein named, or the survivor of them, or such person as shall be lawfully appointed to *make division* of all my real and personal estate *at the period when my youngest daughter, if living, would attain to the age of twenty years,* between my wife and daughters equally, share and share alike, (meaning such estate as shall be existing at that period after maintenance of my family, as herein before specified.) It is my earnest desire that my executors hereinafter named, do all in their power to promote the comfort and happiness of my beloved wife and the best good of my daughters.

" I hereby appoint my beloved wife the guardian of my two daughters. I, lastly, appoint the said trustees, Jonathan Boynton and Theron G. Yeomans, executors of this my last will and testament, hereby revoking all former wills by me at any time made."

The defendant gave in evidence the inventory which had been filed by the executors, from which it appeared that the personal property of the testator had been appraised at $5520,31. Upon this evidence the judge decided, *first,* that it was not necessary for the plaintiffs to show that the testator in his lifetime had title to the premises in question; and *second,* that the trusts attempted to be created by the will were authorized by law, and vested the title to the real estate in the devisees, Boynton and Yeomans, so far as to entitle them to a verdict. Verdict in their favor. The defendant moves for a new trial on a bill of exceptions.

*T. R. Strong & N. Hill, jun.* for the defendant, cited *Irving* v. *De Kay,* (9 *Paige,* 521 ;) *Van Vechten* v. *Van Veghten,* (8 *id.* 104.)

*J. Edwards,* for the plaintiff.

*By the Court,* BRONSON, Ch. J. The judge was right in holding that it was not necessary for the trustees and executors, Boynton and Yeomans, to show that the testator had title to the premises in question. This is not a proceeding for the purpose of trying the title to the property as between the original parties to the suit; but a proceeding to prevent an abatement of the action, by substituting in the place of the original plaintiff the persons who have succeeded to his title, whatever it may be. (2 *R. S.* 308, § 32; *and see James* v. *Bennett,* 10 *Wend.* 540.) When the substitution has been made, the *scire facias* will have performed its appropriate office, and then the question of title will remain to be tried.

But it is necessary in this proceeding to show that the persons asking to be substituted for the original plaintiff have succeeded to such title as he had in the property. And this presents the inquiry whether the trustees took an estate in the land under the will; for if they did not, the property descended to the heirs at law of the testator, and they, and not the trustees, should be substituted as plaintiffs.

Under our statute of uses and trusts, when the trust is created by will, two things are necessary to vest an estate in the trustee ; it must be an express trust, and a trust to receive the rents and profits of lands for certain specified purposes. Such a trust, when legally created, suspends the power of alienation, and vests the whole estate in the trustee. But no other trust, though expressly declared, prevents the estate from descending to the heir at law, or passing to the devisee. (1 *R. S.* 728, §§ 49, 55, 56, 60; *Hawley* v. *James,* 16 *Wend.* 61.) We need not, therefore, inquire whether the testator has created a good trust under either of the two first subdivisions of the 55th section. Unless there is a valid trust to receive the rents and profits of the land, the trustees have not got the title.

Although the fact is not stated in the case, it may be gathered from the will that the testator left a wife and two daughters. He fixed on the period when the youngest child or daughter would, if living, attain to the age of twenty years, as the time for dividing the property between the widow and children. In the mean time, the property was devised to Boynton and Yeomans, in trust to receive the rents and profits, and apply them to the use of the family. I see no reason to doubt that this was a valid trust under the third subdivision of the 55th section of the statute, so far as relates to the object or purpose for which it was created. There is also a trust for accumulation; but that is void for the reason that it directs an accumulation of rents and profits for the benefit of an adult—the wife—as well as the minor children. Such a trust must be for the benefit of minors only. (§§ 36–38; *Hawley* v. *James*, 16 *Wend.* 61.) But there is one good trust, unless it is open to the objection, which remains to be considered.

Trusts to receive the rents and profits of land suspend the power of alienation, and unless their continuance is limited according to law, they are void in their creation. With a single exception not affecting this case, the absolute power of alienation cannot be suspended by any limitation or condition whatever beyond the continuance of not more than two lives in being at the creation of the estate. (§§ 14, 15.) The utmost limit for the continuance of the estate must be bounded by life, or the estate will be void in its creation. No absolute or certain term, however short, can be supported. (*Hawley* v. *James*, *before cited.*) Now here, the trust is to continue " until the period when my youngest child would, if living, attain to the age of twenty years." The same thing is afterwards expressed as " the period when my youngest daughter, if living, would attain to the age of twenty years." The limitation is not bounded by the life of the youngest child or daughter; nor by life in any form. Although the daughter may be then dead, the estate is to continue until the time arrives when she would, if living, have attained the age of twenty years. This is precisely the same thing as. fixing an absolute or certain term for the continuance of the trust. If the youngest child was five years old at the death of

the testator, the trust estate was then to continue for the definite period of fifteen years, without any reference whatever to the continuance of life. It is settled that such a trust cannot be supported.

As the trust, so far as relates to the land, is void, it follows that the title is in the heirs at law of the testator, and they, instead of the trustees, should be made plaintiffs.

New trial granted.