Mr. Justice Walker delivered the opinion of the court. In this case it appears that Edmond Carley, as public administrator, on the 14th of July, 1843, filed his declaration in debt against the defendants, upon which a writ issued returnable to the August term next thereafter, at which term the defendants moved to quash the writ of summons. This motion, so far as is shown from the record, remains undetermined; nor is there any entry of record thereafter in regard to the case until the September term, 1847. From the facts preserved by the bill of exceptions it would seem that, in January, 1847, the plaintiff’s office of public administrator was vacated, and that on the 29th of the same month his successor was appointed, who in June, 1847, caused sche facias to issue against the defendants requiring them to appear at the September term thereafter and show cause why said action should not be revived in the name of such successor. One of the defendants appeared at that term and moved the court to quash the writ of scire facias, and strike the case from the docket, which motion prevailed and the case was ordered to be stricken off accordingly. The plaintiff then moved the court to re-instate the case upon the docket and grant an order substituting the newly appointed administrator as plaintiff in said action and tendered evidence of such appointment, which motion the court overruled. The plaintiff excepted and brings the case here by writ of error. Two points are raised by tlie assignments of error, which in oar opinion will embrace all of the errors assigned : 1st. Was the case properly stricken from the docket? 2d. Did the court correctly refuse to permit the case to be re-instated and the newly appointed administrator to be substituted as plaintiff? A suit regularly docketed so remains until disposed of by the order or judgment of the court. Mere lapse of time has not the effect to abate the action. Our statute expressly provides that where the court adjourns without disposing of a case or continuing it, it stands continued by operation of law. There was clearly no necessity for issuing a scire facias. The suit had not abated by the removal of the administrator from office. The statute page 98. sec. 7, provides that, where the plaintiff dies.before final judgment the action shall not thereby abate, if the cause of action survives to the heir, devisee or administrator of such plaintiff, but such of them as shall have the right to prosecute such suit, may continue the same by order of the court substituting them as plaintiff therein; and the 11th section extends this right to successors in administration. The record is very imperfect and may not present all of the facts before the circuit court, but from those before us (and there is no evidence of a diminution of record,) there was not sufficient cause for striking the case from the docket. Indeed at the time when the case was ordered to be stricken from the docket, there was no party plaintiff before the court. The successor of the plaintiff had not been substituted, as provided for by the 7th sec. above referred to, and therefore the court should not have entertained the motion, even admitting the propriety of doing so under other circumstances. It appears from the facts disclosed in the bill of exceptions that proof was offered sufficient to show that a successor in administration had been duly appointed. This was all he was required to do. Boynton vs. Hoyt, 1 Denio, 53. We think the court should have sustained the motion to reinstate the case on the docket and permit the successor to be substituted of record as plaintiff under the provisions of the 11 th sec. Digest page 99. The judgment of the circuit court is therefore reversed and set aside and the cause remanded to be proceeded in according to law. Mr. Justice Scott not sitting.