By the Court.
Sandford, J.
It appears from the will, that the testator, at its date, owned buildings in this city, two parcels of real estate in New Jersey, and some personal property.
He gave all his “ real and personal estates,” to his wife, (the defendant,) in trust for the purposes of. his will. These were, first, to apply all the income of his estate, to the maintenance and clothing of his wife, and the maintenance, clothing, and education of his children, by her—the surplus, if any, was to be invested in United States stock, for those children. This trust was to continue, subject to the portioning off, presently mentioned, until the last of those children should arrive at full age—then, and net before, the defendant, if still a widow, was to take the sole possession of his Swedesborough premises in New Jersey, with his “ furniture, and live and dead stock,” for her own use during her life and widowhood, and when her interest ceased, that property was to be divided between the survivors of those children.
The will further provided, that whenever the eldest surviving child became twenty-one, the whole of the testator’s property, except the Swedesborough premises, furniture, and stock, should be fairly appraised and valued, and such child’s equal share, apportioned, and if required, paid to him or her. The same course was to be pursued in like manner, “ in respect to the rest of the surviving children” of the testator, by the defendant.
The will shows, that at its date, there were four children of *177 that class, living ; and by the pleadings, it appears that they all survived the testator. The question involved, is the validity of the will, in respect of the testator’s real estate in this city, and it is to be determined according to the law of this state.
It is contended, on the part of the plaintiff, that the trust' attempted to be created by the will, if carried into effect, will suspend the- power of alienation beyond two lives, in being at the testator’s death, and, at any rate, may thus suspend it, and-that the trust is' therefore void. After maturely considering the subject, we are satisfied that this view of the effect of the will, is correct.
The life of the widow may be omitted in the argument, On the assumption, that as far as her interest in the income is concerned, it may be regarded as a legal estate, which she could alienate at any time, and which therefore of itself would not prevent a complete alienation of .the land devised. Then how does the case stand ? The property is to be kept entire, for the mutual and common benefit of the four children, until the eldest surviving child, becomes of age. Not for the equal benefit of each child, share and share alike, but for the support of all, as their varying ages and circumstances should require. The eldest might be a young lady, at a boarding school, requiring twice as much of the income as the youngest, a child of five years of age, and much more than one fourth of the entire income; This fact, as well as the manner of apportioning, forbids the idea that the éstate, at the death of the testator,-was, by the will, divided into four equal shares, one of which rested in each Of the children. The case, therefore, does not fall within the decisions in the Clendining will case, (26 Wend. 21, and 8 Paige, 295,) and Mason v. Mason’s Executors, (2 Sand. Ch. R. 432, affirmed iff May, 1849, in the' court of appeals.)
There can be no severance, or division of this property, iff fact, or iff theory, until the' eldest surviving child, attains his "dr her majority. It must remain entire until that event, as well by the express terms of the will, as1 by the necessary, effect of the provision for the' maintenance, clothing; and education of all the four children, who were beneficiaries Of the trust. Now suppose the two eldest, Josephine- and Frances, were to* die before they became twenty-one years of age, the trust- would *178 continue for the benefit of the two younger children, who would thereupon be presumptively entitled to the whole estate, on their respectively becoming of age. . But until one of them attained that age, there could be no severance or apportionment of the property. Thus two lives would have already elapsed, during which, the power of alienation was suspended, and it must remain suspended, till at least one more life lapses, or the existing minority of one of the survivors, terminates. So if the three eldest should die under age, the trust, it would seem, must still continue, during the minority of the youngest child.
In our opinion, the case, for these reasons, falls directly within the principle established by Hawley v. James, (16 Wend. 61, 129, 167,) and which has been applied in many subsequent cases, under various circumstances. The trust estate created by the will, is determinable on the ceasing of a succession of minorities. It is thus dependent upon lives, and as two at least, of those lives, may expire before the trust can terminate, it contravenes the provision of the statute against perpetuities, (1 R. S. 723, § 15,) and it is therefore void.
Independent of the effect attributed to the bequest of the income in keeping .the estate entire and in mass, during the minority of the children, the same consequences may be deduced from the clause relative to the apportionment. When the eldest survivor became of age, the whole property, except that at Swedesborough, was to be appraised, and such survivor’s equal share apportioned to him. It would still remain in the trust, if she did not require its transfer, but it would, nevertheless, be alienable. But the residue must remain in the trust, inalienable, to provide for the future apportionments. Now, there is this insuperable obstacle to treating the estate as divided into equal fourth parts at the testator’s death, or the residue into equal third parts, after the eldest, if she survived, had received her share ; the appraisement was, in each instance, to be made, at the period, when the respective children became of age, and the apportionment was to be made upon the value then ascertained, and not upon the value, at the testator’s death ; or in respect of the three youngest, on the value, when the eldest became of age.
•To illustrate this, we will suppose that the testator’s personal property consisted of four bonds and mortgages, of six thousand *179 dollars each. In that case, if each child were entitled, at his death, to an equal fourth, and there were no other clause in the will preventing a severance into equal shares, it would be the duty of the trustee at once to set apart one bond and mortgage to each, subject to a contribution from each to the support of the widow. Then, suppose that the bond and mortgage allotted by the trustee to the eldest had turned out to be worthless. No one will pretend that, when she became twenty-one, she would be compelled to receive the worthless security, as, and for, her share of the testator’s estate, which, by the terms of the will,, was to be then finally appraised and valued, and “ apportioned” to her.
Again, after the eldest child, on becoming of age, shall have received his share on the appraisal then made, both the real estate and the personal property may greatly depreciate, and when the next child becomes twenty-one, a new appraisal must be made of what is left, and her third of thatz residue may not be more than half as much as the eldest received. Such valuation is also subject to the further contingency of losses and dilapidations of the remaining estate. Without pursuing these5 illustrations, we think enough has been said to show that this estate cannot be deemed to have been given in equal fourths to. the four children at the testator’s death, and that there was nen gift of separate and distinct shares to each, or distinct trusts' in respect of each ; but that the estate was to be kept entire and as a whole, in the hands of the trustee, until the respective periods arrived, which were designated for the successive valuations and apportionments. Indeed, the will gives no part of the capital of the estate to. any of the children,, except upon' such apportionment; and it seems that neither of them took a. vested interest, at the testator’s death, either absolute or defeasible.
• On both of the grounds stated, we think the trust is void and the will cannot be upheld.. The authorities applicable to this, case, besides Hawley v. James, are Thompson v. Carmichael’s Executors, 1 Sand. Chy. R. 387; McSorley v. McSorley’s Executors 4 ibid. 414; McSorley v. Wilson, 4 ibid. 515: Field v. Field’s Executors, 4 ibid. 528; Boynton v. Hoyt, 1 Denio 53; and Vail v. Vail, 7 Barb. S. C. R. 226. The two former are very similar' *180 to this case in the terms and effect of the devises in question, and each was dependent on four minorities.
The devise in trust being void, the defendant has no legal title to the premises claimed in this suit, by virtue of the will of her husband. If the gift of a portion of the income of his estate, for her maintenance, can be supported, aside from the trust, it would not aid her in this suit, and therefore we are not called upon to express any opinion on that subject.
The judgment at the special term must be affirmed, on the ground taken in the demurrer to the answer.