OLIVER DRAKE SMITH, RESPONDENT, *v.* MICHAEL I. G.
ZALINSKI, APPELLANT, IMPLEADED, ETC.

*Evidence — order of substitution — when the motion papers and order of substitution
are admissible in evidence upon the trial, to establish the transfer of the interest of
the original plaintiff to his successor.*

After the commencement of this action, which was brought to foreclose a mort-
gage, the plaintiff made a general assignment, and thereafter his assignee was,
by an order granted upon a motion made upon due notice to the defendant,
substituted as plaintiff in his place and stead. Upon a trial before a referee
the order and motion papers were against the defendant's objection and excep-
tion received in evidence.

*Held*, that the papers were properly received in evidence, and that, in the absence
of proof to the contrary, they proved the transfer of the bond and mortgage
to the plaintiff and his ownership thereof.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee in Seneca county, in an action to foreclose a mortgage brought in the name of William C. Gilman.

After the joinder of issue herein, Gilman was convicted of the crime of forgery, and made a general assignment (including the mortgage in suit) to Oliver Drake Smith, who, upon a motion made upon notice to the defendant and a petition and affidavits, was by the Special Term duly substituted as plaintiff in the place and stead of Gilman. The order directing the action to be continued in the name of Smith was made January 2, 1878. The issues were referred and upon the trial the plaintiff offered the motion papers and the bond and mortgage in evidence. They were, against the defendant's objections and exceptions, received. When the plaintiff rested the defendant insisted:

*First.* That the plaintiff had shown no right to recover.

*Second.* That it did not appear that the plaintiff had any title or interest in the bond and mortgage.

*Third.* That there was no allegation in the complaint showing that the plaintiff had any interest in the subject of the action.

*Fourth.* That there was no competent evidence of the plaintiff's interest in the bond and mortgage described in the complaint.

The answer contained only the defense of usury. The referee ordered judgment for plaintiff.

*Wm. C. Ruger* and *G. Wilcoxen,* for the appellant.

*Charles A. Hawley,* for the respondent.

HARDIN, J.:

Application to substitute Smith as plaintiff instead of Gilman, was made upon notice under section 756 of the Code.

If no application had been made to the court the action would have continued in the name of Gilman as plaintiff, and the defendant without amending his answer, upon leave granted, would not have been in a situation to contest the ownership of the bond and mortgage by Gilman.

Such ownership was averred properly in the complaint, as it is stated the same were executed and delivered to Gilman. That averment excluded all other persons and was equivalent to an allegation of title to the same in Gilman.

The allegations as to the execution and delivery of the bond and mortgage, are admitted by the defendant who is now appellant.

The facts constituting Gilman's title sufficiently appeared to answer the requirements of the rule laid down by FOLGER, J., in *Scofield* v. *Whitelegge* (49 N. Y., 261).

When the application was made to the court, the fact was before it that Gilman, prior to the execution of his assignment to Smith, was the owner of the bond and mortgage. It was averred in the petition of Smith that he had succeeded to the title of Gilman. It was incumbent upon the petitioner to make a clear *prima facie* case of ownership, as a condition precedent to the exercise of the court's discretion, upon the question of whether the action should continue in the name of Gilman, or be further prosecuted in the name of Smith. (*Boynton* v. *Hoyt*, 1 Denio, 53; *St. John* v. *West*, 4 How Pr., 334, op. of SELDEN; *St. John* v. *Croel*, 10 How., 257; *Sheldon* v. *Havens*, 7 id., 268.)

If there was doubt about the *prima facie* case, thus required to be shown, and which was shown upon the application for leave to continue the action in the name of the assignee, it should have been shown upon the motion or by a subsequent motion. As it was expressed in *Moore* v. *Hamilton* (44 N. Y., 667): "If from any special circumstances the reference or trial court should not continue the party aggrieved must apply to the court for relief, by motion."

As was assumed by the court in *Washoe Tool Manufacturing Company* v. *H. Fire Insurance Company* (7 Hun, 77; S. C. affirmed, 66 N. Y., 613) presumptively the defendant cannot be "injuriously affected or exposed to the danger of another recovery," and if a state of facts exist which would overcome the *prima facie* case required to be made, the same should be presented to the court in opposition to the motion to continue, or subsequently.

*Isham* v. *Davison* (3 Thomp. & Cook, 746) is in point, and the conclusion there stated is binding as an authority upon us.

The court said in that case, viz.: "The objection to the pleadings that there was no allegation in them that Isham was dead, and no proof of it on the trial, was all disposed of by the fact that the suggestion of the death had been made and the court on motion had passed on the fact of his death and admitted the executrix to prosecute."

So in the case before us the court had passed upon the *prima facie*

case made touching the assignment of the cause of action by Gilman to Smith, and that was sufficient until the defendant showed "special circumstances as furnishing a basis for relief." (*Moore* v. *Hamilton, supra; Bond* v. *Smith,* 4 Hun, 49; *Underhill* v. *Crawford,* 29 Barb., 664.)

There is nothing in *Riggs* v. *Pursell* (74 N. Y., 370) in conflict with the views expressed (*supra*), as that case declares that an order is not *conclusive* as an adjudication, as a *fact* which might have been but which was *not* actually litigated. (*Evans* v. *Cleveland,* 12 Hun, 140, cited by the appellant was reversed in 72 N. Y., 486.)

The affidavit, petition and notice of motion and proof of service thereof were admitted to show the *status* of Smith and not to establish the facts set out in them. This was not error.

The foregoing views lead to the conclusion that no error was committed upon the trial. Upon the argument of this appeal I was of the impression that the defendant had never had an opportunity to require common law proof of the execution of the assignment of the mortgage by Gilman to Smith, and that no proof of the assignment was given upon the trial, and therefore that no recovery could be had upon the evidence by Smith; but attention has been *since given* to the authorities cited *supra*, and I must yield to their force.

If the defendant had desired to put in issue such assignment, and desired to escape the force to be given to such an order as was made by the Special Term, he might have appeared and contested upon the motion; or he might subsequently have applied for leave to amend his answer so as to aver that Smith was not the assignee of the mortgage, and probably he might have given evidence upon the hearing before the referee, as the case then stood, tending to show that Smith had no title (as the order evidenced) to the mortgage. Having omitted these opportunities, he is now concluded, according to the force of the authorities quoted (*supra*), by the *prima facie* case made against him at the trial.

The judgment must be affirmed, with costs.

SMITH, P. J., and DWIGHT, J., concurred.

Judgment affirmed, with costs.