McGUIRE v. McGUIRE et al.

(Supreme Court, Appellate Division, First Department. February 13, 1903.)

1. WILLS—TRUSTS—BENEFICIAL ESTATE.

Where a will gave the testator's property to the executor, to hold the same in trust for a certain time, and then distribute to certain persons, the will could not be construed as vesting the beneficial estate in the executor, but it created a trust, and vested in the trustee title to the property for the purpose of distribution.

2. SAME—PERPETUITIES—PERSONAL PROPERTY.

A provision of a will whereby the power of alienation of real property was arbitrarily suspended, in the hands of a trustee, for a term of three years, was void, under the statute of perpetuities, as the length of the trust was made to depend on years, and not lives, and may exceed the limit of two lives.

3. SAME—PERPETUITIES—PERSONAL PROPERTY.

A provision of a will providing that the trustee should hold personal property for three years before distribution was void, under Personal Property Law, § 2 (Laws 1897, c. 417), providing that the absolute ownership of personalty cannot be suspended for a period longer than two lives in being, since the limitation might exceed two lives.

4. REAL PROPERTY LAW—ACCUMULATION OF INTEREST.

Under Real Property Law, § 51 (Laws 1896, c. 547), providing that an accumulation of rents and profits of real property shall be void, save when directed for the benefit of minors during their minority, a provision in a will directing an accumulation of rents for the benefit of adults is void.

5. SAME—TRUSTS—POWERS IN TRUST.

Where a will directed that the executor should collect the rents and profits, and hold all property for a certain time, after which it should be converted into cash, and distributed among certain persons in equal monthly installments during their lives, with remainder to their children, the disposition was not a mere power in trust for purposes of distribution, but continued in the trustee the absolute title.

Appeal from special term, New York county.

Action by George H. McGuire, individually and as executor of the will of Mary McGuire, deceased, against John T. McGuire and others. From a judgment construing the will, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John T. Delaney, for appellants Hynes and another.
Francis X. Kelly, for appellant McGuire.
Roger S. Baldwin, for appellant Howley.
John Davis, for respondent.

HATCH, J. This action was brought by the executor and trustee for the construction of certain portions of the will of the deceased. That portion of the will which was presented to the court for construction related to both real and personal property, and was as follows:

"I hereby give, devise and bequeath all the rest, residue, and remainder of my estate, of whatsoever kind or nature, and wheresoever situate, unto my executor hereinafter named, in trust, nevertheless, for the uses and purposes following: (a) To collect the rents, issues, and profits thereof, and hold the same on deposit in savings banks for the period of three years after my decease. (b) After the lapse of said three years, to sell and reduce the whole

of my estate, of whatsoever kind or nature, to cash, and thereupon hold the proceeds of such estate on deposits in savings banks, and divide the same into four equal parts, and pay over the same in the manner and to the beneficiaries following, to wit: (1) To my son, John Thomas McGuire, one equal, undivided fourth part or share thereof, in equal monthly installments, of twenty-five dollars each, for and during his natural life; remainder to his daughter Estella, her heirs and assigns, absolutely and forever, and, if she fail to survive, then this bequest shall become a part of the shares or share of my children, him surviving. (2) To my daughter Anna Theresa Howley, one equal, undivided one-fourth part or share thereof, in equal monthly installments, of twenty-five dollars each, for and during her natural life; remainder to her daughter Isabella, her heirs and assigns, absolutely and forever; and, if she fail to survive, then this bequest shall become part of the share or shares of my children, her surviving. (3) To my daughter Maryha Lillian McGuire, one equal, undivided one-fourth part or share thereof, in equal monthly installments, of twenty-five dollars each, for and during her natural life; remainder to become a part of the share or shares of my children, her surviving. (4) To my daughter Margaret A. McGuire, one equal, undivided one-fourth part or share thereof, in equal monthly installments, of twenty-five dollars each, for and during her natural life; remainder to become part of the shares or share of my children, her surviving."

The language of the will does not permit of a construction which vests the beneficial estate in the trustee. The direction to distribute excludes such construction. Consequently the will is to be construed as creating a trust, and vesting in the trustee named therein title to the property for the purpose of distribution in accordance with its subsequent provisions. By the provisions of the will, the power of alienation of the real property is arbitrarily suspended for a term of three years. The length of the trust is therefore made to depend upon years, and not lives. It may exceed the limit of two lives, and is therefore void, under the statute of perpetuities. Smith v. Edwards, 88 N. Y. 92. And the same result follows as to the personal property. Personal Property Law, § 2 (Laws 1897, c. 417). It is also void inasmuch as it directs an accumulation of the rents and profits for the benefit of adult persons, and thereby infringes upon the statutory provision prohibiting such a trust. Boynton v. Hoyt, 1 Denio, 58; Real Property Law, § 51 (Laws 1896, c. 547). Nor can the will be supported upon the theory that a trust estate is not created, but only a power in trust to convert the real property into cash and distribute the same. By the provisions of the will, the direction is to collect the rents, issues, and profits, and hold the same for the period of three years after the decease of the testator. Upon the expiration of this period, the direction is to convert the whole estate, of every kind and nature, into cash, and divide the same into four equal parts, making distribution among four persons,—not, however, of the entire share devised to such person, but in equal monthly installments, of $25 each, for and during the life of such person, with remainder over to children then in being, and, in the event of their death, to their children, and, they failing, then to become a part of the share or shares of the surviving children. This disposition, instead of being a power in trust for purposes of distribution, continues in the trustees the absolute title to the entire estate. Such trust being void, for reasons already assigned, the whole scheme of the will in this respect fails, and as to this property the deceased died intestate.

The trust provision of the will is so plainly void in its entirety that no further discussion is needed.

It follows that the judgment should be modified by declaring the trust provisions of the will void; that, as to the estate attempted to be devised or bequeathed thereby, the testator died intestate,—and directing the distribution of such property among her heirs and next of kin, with costs to all parties payable out of the estate. All concur.