George H. McGuire, Individually and as Sole Executor of and Trustee under the Last Will and Testament of Mary McGuire, Deceased, Respondent, *v.* John T. McGuire and Anna T. Howley, Respondents, Impleaded with Estella McGuire and others, Appellants.

*Will — when a trust, and not a power in trust, is created — a duration for a term of years and a direction for accumulation of income for adults render the trust void.*

A testator, by his will, gave his residuary estate, which included both real and personal property, to his executor, "in trust, nevertheless, as trustee, for the uses and purposes following: (a) To collect the rents, issues and profits thereof, and hold the same on deposit in savings banks for the period of three years after

my decease.   (b) After the lapse of said three years to sell and reduce the whole of my estate of whatsoever kind or nature to cash, and thereupon hold the proceeds of such estate on deposit in savings banks, and divide the same into four equal parts and pay over the same in the manner and to the beneficiaries following, to wit: (1) To my son, John Thomas McGuire, one equal undivided fourth part or share thereof in equal monthly installments of twenty-five dollars each for and during his natural life; remainder to his daughter Estella, her heirs and assigns absolutely and forever, and if she fail to survive, then this bequest shall become part of the shares or share of my children him surviving.   (2) To my daughter, Anna Theresa Howley, one equal undivided one-fourth part or share thereof in equal monthly installments of twenty-five dollars each for and during her natural life; remainder to her daughter Isabella, her heirs and assigns absolutely and forever; and if she fail to survive, then this bequest shall become part of the shares or share of my children her surviving.   (3) To my daughter, Mary Lillian McGuire, one equal undivided one-fourth part or share thereof in equal monthly installments of twenty-five dollars each for and during her natural life; remainder to become a part of the shares or share of my children her surviving.   (4) To my daughter, Margaretta McGuire, one equal undivided one-fourth part or share thereof in equal monthly installments of twenty-five dollars each for and during her natural life; remainder to become part of the shares or share of my children her surviving."

*Held,* that the will did not vest the beneficial estate in the trustee, but created a trust and vested in the trustee title to the property for the purpose of distribution;

That the trust provision was void both as to real and personal property, because the duration thereof was made to depend upon a term of years and not upon lives;

That the trust provision was also void inasmuch as it directed the accumulation of the rents and profits for the benefit of adult persons;

That the will was not susceptible of a construction which would hold that a trust estate was not created, but only a power in trust to convert the real property into cash and distribute the same;

That the trust being void, the testator died intestate as to his residuary estate.

APPEAL by the defendants, Estella McGuire, by Francis X. Kelly, her guardian ad litem, and others, from a judgment of the Supreme Court in favor of the plaintiff and certain defendants, entered in the office of the clerk of the county of New York on the 17th day of July, 1902, construing the last will and testament of Mary McGuire, deceased.

*John T. Delaney,* for the appellants Hynes and Higgins.

*Francis X. Kelly,* guardian ad litem, for the appellant McGuire.

*Roger S. Baldwin,* guardian ad litem, for the appellant Howley.

*John Davis,* for the plaintiff respondent.

Hatch, J.:

This action was brought by the executor and trustee for the construction of certain portions of the will of the deceased. That portion of the will which was presented to the court for construction related to both real and personal property and was as follows: " I hereby give, devise and bequeath all the rest, residue and remainder of my estate of whatsoever kind or nature and wheresoever situate, unto my executor hereinafter named in trust, nevertheless, as trustee, for the uses and purposes following: (a) To collect the rents, issues and profits thereof, and hold the same on deposit in savings banks for the period of three years after my decease.    (b) After the lapse of said three years to sell and reduce the whole of my estate of whatsoever kind or nature to cash, and thereupon hold the proceeds of such estate on deposit in savings banks, and divide the same into four equal parts and pay over the same in the manner and to the beneficiaries following, to wit: (1) To my son, John Thomas McGuire, one equal undivided fourth part or share thereof in equal monthly installments of twenty-five dollars each for and during his natural life; remainder to his daughter Estella, her heirs and assigns absolutely and forever, and if she fail to survive, then this bequest shall become part of the shares or share of my children him surviving. (2) To my daughter, Anna Theresa Howley, one equal undivided one-fourth part or share thereof in equal monthly installments of twenty-five dollars each for and during her natural life; remainder to her daughter Isabella, her heirs and assigns absolutely and forever; and if she fail to survive, then this bequest shall become part of the shares or share of my children her surviving.   (3) To my daughter, Mary Lillian McGuire, one equal undivided one-fourth part or share thereof in equal monthly installments of twenty-five dollars each for and during her natural life; remainder to become a part of the shares or share of my children her surviving.   (4) To my daughter, Margaretta McGuire, one equal undivided one-fourth part or share thereof in equal monthly installments of twenty-five dollars each for and during her natural life; remainder to become part of the shares or share of my children her surviving."

The language of the will does not permit of a construction which vests the beneficial estate in the trustee. The direction to distribute excludes such construction; consequently, the will is to be construed as creating a trust and vesting in the trustee named therein title to the property for the purpose of distribution in accordance with its subsequent provisions. By the provisions of the will the power of alienation of the real property is arbitrarily suspended for a term of three years. The length of the trust is, therefore, made to depend upon years and not lives. It may exceed the limit of two lives, and is, therefore, void under section 32 of the Real Property Law (Laws of 1896, chap. 547) prohibiting perpetuities (*Smith* v. *Edwards*, 88 N. Y. 92), and the same result follows as to the personal property. (Pers. Prop. Law [Laws of 1897, chap. 417], § 2.) It is also void, inasmuch as it directs an accumulation of the rents and profits for the benefit of adult persons and thereby infringes upon the statutory provision prohibiting such a trust. (*Boynton* v. *Hoyt*, 1 Den. 58; Real Prop. Law, § 51.) Nor can the will be supported upon the theory that a trust estate is not created, but only a power in trust to convert the real property into cash and distribute the same. By the provisions of the will, the direction is to collect the rents, issues and profits, and hold the same for a period of three years after the decease of the testator. Upon the expiration of this period, the direction is to convert the whole estate, of every kind and nature, into cash and divide the same into four equal parts, making distribution among four persons, not, however, of the entire share devised to such person, but in equal monthly installments of twenty-five dollars each for and during the life of such person, with remainder over to children then in being, and in the event of their death to their children, and they failing then to become a part of the share or shares of the surviving children. This disposition instead of being a power in trust for purposes of distribution, continues in the trustees the absolute title to the entire estate. Such trust being void, for reasons already assigned, the whole scheme of the will in this respect fails, and as to this property the deceased died intestate. The trust provision of the will is so plainly void in its entirety that no further discussion is needed.

It follows that the judgment should be modified by declaring the

trust provisions of the will void; that as to the estate attempted to be devised or bequeathed thereby, the testatrix died intestate, and directing the distribution of such property among her heirs and next of kin, with costs to all parties payable out of the estate.

Van Brunt, P. J., O'Brien, Ingraham and McLaughlin, JJ., concurred

Judgment modified as directed in opinion, with costs to all parties payable out of the estate.