HANNAH GOLDSMITH, Respondent, *v.* ROSE HASKELL and BERTHA LAMPERT, Appellants, Impleaded with HARRY M. GOLDSMITH and Others, Defendants.

First Department, February 15, 1918.

**Will — construction — unlawful suspension of power of alienation for period of years — vesting of fee in heirs as tenants in common.**

The will of a testator, survived by his widow and three daughters, provided that the widow should receive a certain annuity during life in lieu of dower, and that the residue of the income be divided equally between his three children, and that in the event of the death of " either " of them " their share to go to the children surviving, if they have no issue, the share to go to my own children surviving or to their surviving children, to be shared equally between them." It was further provided that his estate " shall not be divided until 25 years from date of will, providing my wife Clara is not living." He further directed " that if any of my said children shall die childless her share of the estate shall be equally divided between my surviving children, or their respective heirs." Provisions of the will examined, and

*Held*, that the only provision with respect to the disposition of the income of the estate is during the life of the wife of the testator;

That other provisions by which the testator attempted to suspend the division of his estate for the period of twenty-five years unlawfully suspended the power of alienation, and are invalid;

That the fee vested absolutely in the three daughters as tenants in common at the death of the widow.

APPEAL by the defendants, Rose Haskell and another, from an interlocutory judgment of the Supreme Court in favor

of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of February, 1917, upon the decision of the court after a trial at the New York Special Term.

An appeal is taken from said judgment except in so far as it adjudges that the real property in suit is so circumstanced that a partition thereof cannot be made without great prejudice to the owners and that defendant Harry M. Goldsmith has no estate in said property.

*Samuel A. Telsey*, for the appellants.

*William J. Leitch*, for the respondent.

LAUGHLIN, J.:

The action is for the partition of premises in the borough of Manhattan, New York, of which Nathan May died seized in fee simple absolute on the 2d day of November, 1900, leaving a last will and testament executed on the 7th day of December, 1898, and leaving him surviving a widow who died in the month of October, 1915, prior to the commencement of the action, and three daughters, the plaintiff and the appellants. He appointed his wife and the plaintiff executrices, but the will contained no *express* devise to them in trust or otherwise. The will is most inartificially drawn and it does not disclose with any degree of definiteness or certainty the disposition the testator intended to make of his property with the exception of the income during the life of his widow. In the 1st paragraph following the usual preliminary statement the testator states that *after* his lawful debts are paid he appoints said executrices. He then authorizes them to sell any real or personal property or to mortgage or to buy real estate " if they think, it would benefit the estate." He next states that his wife is to receive an annuity of $1,500 during life in lieu of dower, and that the residue of the income is to be divided equally between his three children, and that in the event of the death of " either " of them " their share to go to the children surviving, if they have no issue, the share to go to my own children surviving or to their surviving children, to be shared equally between them." After providing for the appointment of another daughter to act as executrix in the

event of the death of his wife he directs that his estate " shall not be divided until 25 years from date of will, providing my wife Clara is not living." Immediately following this provision he directs that upon the death of his wife " the executrices settle the estate within (6) six months." This provision is followed by a paragraph the 1st sentence of which is as follows: " I further direct that if any of my said children shall die childless her share of the estate shall be equally divided between my surviving children, or their respective heirs; " and the will closes with a provision appointing his executrices, who had been appointed in the 1st paragraph, over again.

At the time the will was made the plaintiff was married and had one child. She now has three, all infants, and they are defendants. They answered by their special guardian who represented them on the trial but have not appeared on the appeal. The appellants have no issue. The complaint stated the material facts and alleged that the infant defendants may have some interest in the property, and a copy of the will was annexed thereto. The answer interposed by the special guardian was in the usual form submitting the rights and interests of the infants to the protection of the court. The learned court construed the will as giving each of the three children of the testator an undivided one-third part of the premises for life, and held that each of them took an undivided one-third in fee defeasible upon her death without issue, and that in the event that any of the three daughters of the testator shall die leaving issue such issue shall take an undivided third in fee simple absolute, and in the event of the death of any of them without issue the surviving sisters or sister and the issue of any deceased sister shall take the third, of which such deceased child had the life use, in fee simple absolute. We are unable to agree with that construction of the will. Under the settled law of this jurisdiction the attempt of the testator to suspend the power of alienation of his property for twenty-five years from the date of the will was invalid. The will contains no provision clearly indicating that the testator intended to create a trust for that period for the benefit of his children, but it is immaterial whether he so intended or not, for since it was not limited

upon two lives in being such a trust would be invalid. (*McGuire* v. *McGuire*, 80 App. Div. 63; *Walter* v. *Walter*, 60 Misc. Rep. 383; affd., 133 App. Div. 893; affd., 197 N. Y. 606.) The will contains no provision disposing of the *corpus* of the estate unless it be the final provision that if any of his children shall die childless her share of the estate shall be equally divided between his surviving children or their respective heirs; and unless that provision be construed as relating to the death of a daughter during his lifetime the will does not purport to make any disposition of the fee between the time of the death of the testator and the death of his children respectively. Such a construction would leave the fee vested in his heirs subject to the life estates and subject to be divested under the provisions of the will which were to take effect in that event only upon the death of his children respectively. In the view we take of the case, however, it is unnecessary to decide whether it was competent for the testator to leave the fee simple vested in his heirs subject to being so divested under the provisions of the will, for in any event we are of opinion that the fee vested absolutely in the three daughters upon the death of the widow, if not before. It is immaterial to a decision of the issues herein whether the children took the fee as heirs or whether they took it under the will or whether the will should be construed as devising the property to the executrices in trust during the lifetime of the widow, or as merely creating a charge upon the estate in her favor for the annuity, for in any event there could be here no valid trust or suspension of the power of alienation beyond the life of the widow. Upon her death in any event the estate became vested absolutely in the three daughters of the testator all of whom were then living and any of their issue then born or that may thereafter be born take no interest. Of course, the testator could have devised one-third of the realty in trust for the use of each of his children during life disposing of the remainder upon her death; but the only provision of the will with respect to the disposition of the income of the property is during the life of the wife of the testator, and as already observed the other provisions of the will by which the testator attempted to suspend the division

of his estate for the period of twenty-five years·from the date of the will provided his wife was not then living, are invalid. The further provision which is the only one that can possibly relate to the fee attempts merely to dispose of the fee in the event that any of his daughters shall die childless, but he has not attempted to dispose of the fee in the event that any of his daughters shall die leaving issue nor has he provided that each of the daughters shall continue to receive income during their respective lives ·and after the death of their mother. We are of opinion, therefore, that at the time the action was brought the fee had vested absolutely in the three daughters as tenants in common.

The provisions of the findings, conclusions of law and judgment inconsistent with these views are, therefore, reversed, with costs to appellants, and appropriate findings, conclusions and provisions of the judgment in accordance with these views should be contained in the order to be entered on our decision which shall particularly specify the findings which are reversed.

SCOTT, DOWLING, SMITH and DAVIS, JJ., concurred.

Judgment reversed, with costs to appellants.    Order to be settled on notice.