WALDRON vs. WALDRON.

*In the matter of the Estate of* MARY WALDRON, *deceased.*

THE testatrix having by will, and deeds of conveyance, contemporaneously executed,
divided her property equally among her three children, the entire transaction
amounting substantially to a gift to each of a lot of land in severalty, to take
effect on the decease of the testatrix, *Held*, that a direction in the will to pay
and discharge out of the personal estate all her debts " whether on bonds and
mortgages or otherwise," was applicable, as well to mortgages on the lots
conveyed, as to mortgages on the land devised.

Mortgages cannot be paid out of the personal estate, unless there be an express
provision in the will to that effect—or a necessary implication.

JOHN FOWLER,
J. H. H. HAWES, *for Devisee.*

AMHERST WIGHT, *for Executrices.*

I. The intent of the testatrix is plainly and fairly dedu-
cible from the provisions of the will taken as a whole, that
all the debts due on bond and mortgage executed by her be-
fore or after the execution of said will, should be paid by
her executors and trustees, out of the proceeds of her real
and personal estate directed to be sold.

The first clause of the will directs the payment gene-
rally of all her debts.    But a subsequent clause contains
an additional and specific provision qualifying and showing
what bonds and mortgages she intended should be paid.

II. If any doubt can attach to the above proposition, still
the will, the two deeds of gift to Mrs. Higgins and Miss
Waldron, without being made subject to any mortgage
thereon, the leases by them to the testatrix for life and for a
nominal rent, being cotemporaneous instruments in writing
relating to the same subject matter—to wit, the disposition
of her real estate—must all be taken together as constituting

one act, and showing the intent of the testatrix. (*Vreeland* vs. *McClelland*, 1 *Brad. Rep.*, 393 *and* 422).

III. Unless the above construction of the will, and the acts of the executrices in the payment of all the bonds and mortgages, as stated in the account, are correct, then the executrices were wrong in paying the bond and mortgage on the Bowery house and lot of land devised to David Waldron and family, and they will have the right to reimburse themselves out of any moneys in their hands, or which shall come to their hands belonging to the estate, and which by the will are directed to be applied by them to the improvement of the premises devised to David Waldron and family.

In marshalling assets, real estate devised must bear its own burthens, and pay all liens and incumbrances upon it.

THE SURROGATE.—The testatrix made her will on the 29th day of December, 1845, and among other provisions devised to her son David and his wife for life, with remainder in fee to their issue, a lot on the Bowery in the city of New York. On the same day, she conveyed by deed to each of her children, Maria and Cornelia, a lot on the Bowery adjoining the premises devised to David, receiving contemporaneously from the grantees, leases of the lots for her life at a nominal rent. Taking the deeds and leases and the will together, they amount substantially to a gift to each of the children of a lot in severalty, to take effect on the decease of the testatrix, though by virtue of the conveyances, the title to the lots conveyed to the daughters vested at the execution of the deeds. In substance the transaction was a gift to each, to be enjoyed on the decease of the donor, though the mode of taking title by the donees was in one case by deed, and in another by devise. The testatrix by her will divided the residue of her estate equally among her three children, after having directed her executrices to pay and satisfy all her debts, " whether on bonds and mortgages heretofore made and executed by me, or which may hereafter be made and

executed by me, or otherwise." Nothing is said in the devise to David or in the deeds to Maria and Cornelia, of incumbrances upon the premises, although at the date of the will there was a mortgage of two thousand dollars on David's lot, one of sixteen hundred dollars on Maria's lot, and another of two thousand dollars on Cornelia's lot. All these incumbrances have been paid and discharged by the executrices out of the residue of the estate, under the power and direction in the will above recited. I think these payments have been correctly made. The terms of the will required the discharge of all debts, inclusive of bonds and mortgages, and the several bonds mentioned were in a literal sense the debts of the testatrix. Being liens, however, upon the lands, the estate of the testatrix would not be chargeable with their payment, unless by some special direction in the will to that effect, or by necessary implication. Such a special direction is contained in the will, and viewing the whole transaction together, there is no doubt in my mind that the intention existed on the part of the testatrix, to have all the mortgages paid out of her estate, as well those on the lots conveyed, as the one on the land devised. The will is framed on the principle of an equal distribution of the property among the three children, having regard to the premises conveyed to the daughters; but great inequality would prevail, if the lien on the lot devised to the son should be the only one discharged. Such a construction would not be admitted unless the intent were clearly expressed. But when I find the language so general as to apply to all debts, and again so special as to include all bonds and mortgages, and when it is apparent that the true effect of the deeds to the daughters and the leases back to the grantor, was no more than a disposition to take effect after the grantor's decease, and so tantamount to a devise, I am satisfied it was the intention of the testatrix to have the mortgages on the lands conveyed, paid out of her estate, in common with the mortgage on the land devised. The accounts must be adjusted in conformity with this view.