KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.—
March, 1885.

## HOME INSURANCE CO. *v.* LYON.

*In the matter of the judicial settlement of the account of* JOHN R. HALSEY *and* JOHN ANGUS, *as executors of the will of* JOHN HALSEY, *deceased.*

The executors of decedent's will filed an intermediate account in 1882, whereupon a decree was made, pursuant to which the assets then realized were distributed among the creditors whose claims had been presented and proved. A creditor company which held a claim secured by mortgage, did not present the same, but, after the distribution, foreclosed the mortgage, obtained a judgment for over $2,000, deficiency, and, upon a judicial settlement of the executors' account, asked to be allowed, out of the assets then on hand, the same dividend to which it would have been entitled, if its claim had been presented upon the intermediate accounting, before the declaration of a second dividend. Decedent's estate was insolvent.—

*Held,* that the demand in question was proper and should be allowed, being justified by the provisions of 2 R. S., 87, § 28, which prohibits a preference in the payment of any debt over another of the same class.

APPLICATION by the Home Insurance company, upon the judicial settlement of executors' account, for a preferred dividend out of assets of the estate; opposed by Samuel E. Lyon and others, executors of the will of D. H. Haight, a deceased creditor.

BARNEY & COWMAN, *for the H. Ins. Co.*

THOS. L. OGDEN, *for the opposing creditors.*

THE SURROGATE.—It appears from the account that the estate of John Halsey, deceased, is insolvent, and that the executors, in June, 1882, filed an intermediate account, upon which a decree was made distributing the assets then in their hands *pro rata* among the creditors who then presented their claims.

The Home Insurance Co. held a claim secured by way of mortgage, which they did not foreclose until after the intermediate accounting. They have since foreclosed the same, and obtained a judgment for deficiency on October 14th, 1882, for $2691.72, and now ask, upon the final settlement of the executors' account, that they be paid out of the assets now in the executors' hands the same dividend they would have been entitled to receive had they presented their claim for their share of the fund distributed pursuant to the decree of June 7th, 1882.

Part 2 of the Revised Statutes, ch. 6, title 3, § 28 (3 R. S., 7th ed., 2299), provides that "no preference shall be given in the payment of any debt over other debts of the same class."

Had the Home Insurance Co., before the decree of 1882, applied to this court, upon proof that it had probable cause to apprehend a deficiency upon the foreclosure of their bond and mortgage, the court would have been justified in making an order directing the executors to retain enough of the assets then in their hands to pay the probable *pro rata* dividend on such anticipated deficiency (Williams v. Eaton, 3 *Redf.*, 503). The only effect of not applying for a reservation of assets was, that the company assumed the risk that further assets would be discovered and

reduced to the possession of the executors. And, so far as the relations of the company and the other creditors are concerned, they in equity should be dealt with as reserved assets, and treated as if an order had been made to that effect.

In this case, a dividend was paid to the creditors, other than the Home Insurance Co., pursuant to the decree of 1882; and if the petitioner's claim is now denied, it would be giving to the creditors then represented a dividend in excess of that proposed to be given to the petitioner. I think, however, that the assets now in the hands of the executors must be treated as if they were before the court in 1882, and had been reserved, on the application of the petitioner, to provide for the payment to it of a *pro rata* share or dividend, at the rate established by that decree; and that the decree should provide that the Home Insurance Co. be first entitled to receive, out of the assets now in the hands of the executors, a sum equal to what would have been its share of the fund distributed pursuant to the decree of June 7th, 1882, had its judgment for deficiency then existed; and secondly, that the balance of the assets shall be distributed, *pro rata*, among all of the creditors, including the Home Insurance Co.