(28 Misc. Rep. 633.)

### MILLS et al. v. MILLS et al.

(Supreme Court, Special Term, New York County. August, 1899.)

1. WILL—RESTRICTIONS AS TO POWER OF ALIENATION.

A testator residing in Massachusetts, owning real estate in New York, made a will valid by the laws of Massachusetts. He bequeathed his estate to trustees to hold the legal title during the respective lives of his widow and three children, and gave to each the net income of an equal share; enhancing that income to the survivors as fast as death released any of the shares, so that the last survivor would take the whole income, and on her death, and then alone, would the trust fund, less certain bequests payable out of it, become the absolute property of another person, and subject to alienation. *Held*, that his real estate in New York went into intestacy, as there was an illegal suspension of the power of alienation for more than two lives in being.

2. SAME—DEVISE FOR PAYMENT OF MORTGAGE.

A testator residing in Massachusetts made a will valid by the laws of that state. A part of his estate consisted of real estate in New York which was mortgaged when he purchased it. After directing his executors to pay all debts "and all mortgages * * * upon any real estate," he made certain specific bequests, easily payable out of his personal property, leaving a balance of personal property, and then gave his residu-

ary estate, real and personal, to trustees for the benefit of his wife and three children during their lives, and after the decease of all to another person. *Held*, that the mortgage was properly paid by the executors out of the personal property during the lives of the wife and children.

Action for the construction of a will by Arthur P. Mills and another, trustees, against Lavina Frances Mills and others, defendants.

David B. Ogden, for plaintiffs.
William E. Carnochan, for widow and heirs.
John J. Cadwalader, for Museum of Fine Arts.

RUSSELL, J.   The difficulty in the construction of the last will and testament of Dexter T. Mills, of Boston, arises out of the differing laws of New York from those of Massachusetts as to the power of suspension of alienation for more than two lives in being at the creation of the trust.   The will of the testator was valid under the law of Massachusetts, but a portion of his estate consisted of real property, No. 80 Pearl street, in the city of New York.   By his will the testator first directed his executors to pay all his just debts, "and all mortgages which may be upon any real estate owned by me at the time of my decease." He then gives certain specific legacies, easily payable out of his personal property, leaving a balance of personalty, upon which, as well as upon his real estate, the remaining clauses of his will operated.   The residuary clause of that will is as follows:

"All the rest, residue, and remainder of my estate, real, personal, and mixed, of every name and nature, of which I may die seised, possessed, or entitled, together with any legacy hereinbefore given which may lapse or become void by reason of the death of the legatee before my decease, I give, devise, and bequeath unto Arthur P. Mills and Horace G. Allen, of Boston, aforesaid, to have and to hold to them and their heirs and assigns forever, but in strict trust nevertheless for the following purposes, to wit:   To pay the net income from said trust estate to such of the said Lavina Frances Mills, Ann Dexter Mills, Helen Whittington Coolidge, and Susan Lincoln Mills as may be living at my decease, in equal shares, for and during their respective lives; such payments to be made for their sole and separate use upon their own proper receipt in writing, free from all marital control or interference, and not by way of anticipation or in compliance with any assignment.   Upon the death of either my said wife or any of my said daughters, after my decease, the income previously paid to such deceased under the terms of this trust shall thereafter be divided equally between such of my said wife and daughters as survive; it being my desire that the entire income from said trust fund shall be divided into as many parts or portions as there are survivors of my said wife and daughters from time to time.   Upon the death of the last survivor of my said wife and daughters, I give, devise, and bequeath the property then held by said trustees or their successors as follows, to wit:   Ten thousand dollars from said fund to the Home for Aged Couples in Boston.   Five thousand dollars from said fund to the Home for Aged Men in Boston.   Five thousand dollars from said fund to the Home for Aged Women in Boston.   The entire residue and balance of said trust fund to the trustees of the Museum of Fine Arts in Boston, to have and to hold forever free and discharged of all trust herein created."

The action here affects only the real estate in the city of New York. Was the power of alienation unduly suspended for more than two lives in being by the trust clause, and did the disposition of the residue, after the trust estate terminated, fall with an illegal crea-

tion of that trust estate? The scheme of that estate, bequeathed and devised in trust, was that the trustees should hold the legal title during the respective lives of the widow and the three children, and give to each the net income of an equal share, enhancing that income to the survivors as fast as death released any of the shares, so that the last survivor would take the whole income on her death.' Then, and then alone, should the trust fund, less $20,000 bequeathed to three eleemosynary institutions in Boston, be the absolute property of the Museum of Fine Arts. This is not the case where, upon the death of one, the share held in trust for that one becomes released from the fetters of the will, and goes absolutely to the survivors, thus separating the trust estate into shares, no one of which shall survive beyond two lives; nor is it a case where the beneficial interests of those succeeding to the persons named may be lopped off, as unessential to the entity of the whole scheme; but it is a plan, rounded and complete, valid by the laws of the state in which the will was made, by which the beneficial income was not released until the termination of the fourth life, and the power of alienation was not transmitted to any absolute owner of either the income or the principal until that termination occurred. Duncklee v. Butler, 38 App. Div. 100, 56 N. Y. Supp. 491; Amory v. Lord, 9 N. Y. 403; Hobson v. Hale, 95 N. Y. 588; Fowler v. Ingersoll, 127 N. Y. 472, 28 N. E. 471; Shipman v. Rollins, 98 N. Y. 311. There was no period when an absolute fee in possession could be conveyed during the existence of the four lives named. The residuary clause under consideration is not one of general residuary effect, taking in all of the remnants which fall into the estate devised, whether by lapse or ineffectiveness of bequest or devise of the parts specifically bequeathed or devised. It is a residuary bequest and devise, limited in purpose and effect, to have beneficial operation only upon the cessation of enjoyment of the life income by the four persons named, and therefore does not reach out to grasp immediately portions of the estate which cannot pass under the trust clause primarily for the benefit of the widow and the children, so that neither by the letter nor by the spirit of the will should the Museum of Fine Arts, as residuary devisee, take immediately property not intended to be enjoyed by it until after those four lives had terminated; and it is easily to be perceived that, if the testator had known of the ineffectiveness of his devise in trust as to real property in the state of New York, it would more accord with his scheme to have that real estate pass absolutely to his three heirs at law, his daughters and his widow, whom he intended to benefit by the income through their lives, than to allow the absolute estate to pass immediately upon his death away from them to the Museum of Fine Arts. The estate, therefore, in New York, goes into intestacy, rather than into the residuary clause; and that residuary clause cannot be upheld with the intervening title going to the heirs and the widow during their lives, for it is dependent upon the validity of the prior estate. Shipman v. Rollins, supra; Fowler v. Ingersoll, supra. Nor does the power of sale to the executors assist as conferring the right of alienation. Brewer v. Brewer, 11 Hun, 147, affirmed, sub nom. Bremer v. Penniman, in 72 N. Y. 603; Amory v. Lord, supra; Hob-

son v. Hale, supra. It must therefore be held that the real estate in the state of New York went into intestacy.

2. The remaining question arises out of the use of the sum of $9,000 by the executors in the city of Boston in paying out of the personal property the mortgage resting upon the real estate in New York. It is claimed by the Museum of Fine Arts that, as a portion of the personal property was diverted to ease the New York real estate from the burden of the mortgage, it should have the equitable right of subrogation, as against the New York property, to that amount. It is true that, considering the personalty and the realty as the residuary estate for the Museum of Fine Arts after the termination of the lives of the wife and daughters, this payment of the sum of $9,000 depleted the personalty that at some future time would be likely to go to the museum. It is also true that the customary rule is that the real estate must bear the burden of the payment of the mortgage where the mortgage is not a personal debt of the testator, as in this case; he buying this property in the city of New York subject to the mortgage, and covenanting to indemnify the mortgagor, but not assuming the payment himself. Did the scheme of the will, therefore, intend this mortgage to be paid out of the personalty, irrespective of any effect which that payment might have as to the rights of the beneficiaries in the will? The first disposing clause in that will directed the payment of all mortgages upon the testator's real estate. The subsequent scheme of the will, instead of modifying the effect of that clause, strengthened its application to the claim here made. Viewing the situation from the eyes of the testator, he undoubtedly contemplated his will as effective upon all of the property passed by it. He looked forward to his widow and daughters enjoying the income of the New York estate as well as the rest, and it may not be supposed that he would deprive them of the enjoyment of that New York estate for their lives, or any portion of it, by the retention of a mortgage upon it which in all probability would have to be paid during their lives. And viewing the disposition of all his property as for their benefit during their lives, and to be enjoyed only by the Museum of Fine Arts after the decease of all, it follows as a necessary consequence that he intended the payment of the mortgage to be made out of property ultimately coming to the Museum of Fine Arts; that institution receiving this property only after the diminution of the amount thereof by the sum called for by the mortgage. There is therefore nothing whatever in the will, even viewing it for the purpose of the argument as valid in the contemplation of the testator, to subvert the direction for the payment of all the mortgages on his real estate, and to free that estate entirely from such burdens during the lives of his widow and daughters. We would rather infer that, if he had known the ineffectiveness of the trust as to the New York real estate, he would have preferred the widow and daughters to own it absolutely, freed from the burden of the mortgage, than that he would wish the amount of that mortgage to be held as a claim by the Museum of Fine Arts, which was not to receive any of his property until that widow and those daughters had forever ceased to need any relief from its burdens. This view seems to be in accord with the rulings in similar

cases of the Massachusetts supreme court. Andrews v. Bishop, 5 Allen, 493; Creesy v. Willis, 159 Mass. 249, 34 N. E. 265. See, also, the New York case (decided by Surrogate Bradford) of Waldron v. Waldron, 4 Bradf. Sur. 114. There is another consideration which pertains with considerable force to the solution of this question of subrogation. It appears by the conceded facts that a final account-ing by the executors has been had, in which their payments out of the personal property have been ratified and confirmed, and which is ef-fective and binding upon all of the parties to this litigation. If that payment of the New York mortgage was rightfully made, and it was so adjudged in Massachusetts, it would be somewhat difficult to re-vive its validity or power so as to make it an obligation as against the title held by the heirs to the real estate in this state.

Let judgment be entered in conformity with the views of this opin-ion. Judgment accordingly.