WILLIAM B. BRIGGS, AN INFANT, ETC., RESPONDENT, *v.* PETER D. CARROLL, APPELLANT.

*Legacy — when a charge upon real estate.*

Where there is an insufficiency of personal estate, at the time of the making of the will, to pay the debts and legacies, and such fact must have been known to the testator, and legacies are given after the payment of the debts, and are directed to be paid within a specified time, and then a disposition is made of the residue of the entire estate without distinction between real and personal property, and there is no devised real estate, except such as is included in the residue, in such case the legacies, where the personal estate is exhausted, will be charged upon the real estate.

APPEAL by the defendant from a judgment entered in Yates county March 30, 1888, on a decision of the Yates County Special Term.

*M. A. Leary,* for the appellant.

*C. S. Baker,* for the respondent.

DWIGHT, J.:

The action was to charge a legacy on real estate, and judgment was given for the plaintiff. The text of the will, so far as important to the present inquiry, was as follows: " First. After all my debts are paid and discharged, I give and bequeath to my wife Lydia two thousand five hundred dollars ($2,500), to be accepted and received by her in lieu of dower. To my son, Charles W. Best, the sum of ($1500) fifteen hundred dollars. * * * Second. I give to my grandson, W. B. Briggs, the sum of five hundred dollars ($500), which said several sums of money or legacies I direct and order to be paid to the respective legatees within one year after my death. Third. I give and devise all the rest, residue and remainder of my real and personal estate, goods and chattels,.of what nature and kind soever, to my four children, * * * to be divided equally between them." * * *

At the time of making his will the testator was the owner of the real property described in the complaint, which was unincumbered. His personal property at that time was of about the value of $1,500, and consisted wholly of farm stock and implements, and products of the farm. At the time of his death he was the owner of the

same real estate, still unincumbered, and of an additional parcel of thirty-seven acres, on which he had paid about $700, and which was incumbered for about $1,700, the balance of the purchase-money. His personal property at the time of his death was of about the same value, and of the same character and description as at the time of the execution of the will. His indebtedness at the time of his death, aside from that secured by mortgage on the thirty-seven acres, exceeded the sum of $2,000, while the legacies directed to be paid within one year after his death, and before the division of the residuary estate, aggregated the sum of $4,500.

These facts, to which the reasoning of the court in the case of *McCorn* v. *McCorn* (100 N. Y. ,511) seems to be fully applicable, necessarily lead to the same conclusion as was reached in that case. It is unnecessary to repeat the reasoning referred to. It has been substantially employed in several cases, both before and since that of McCorn. (See *Hoyt* v. *Hoyt*, 85 N. Y., 142; *Scott* v. *Stebbins*, 91 N. Y., 605; *Brill* v. *Wright*, 8 N. Y. St. Rep., 814; *In re Pettit*, 13 id., 184; *Adkins* v. *Adkins*, 13 id., 193) All of which may be distinguished from the cases of *Lupton* v. *Lupton* (2 Johns. Ch., 614), and *Reynolds* v. *Reynolds* (16 N. Y., 257). The decision in *Lupton* v. *Lupton* turned wholly on the terms of the will, the fact appearing that the personal property was amply sufficient to pay debts and legacies, and that the executor had actually received the legacies in question, and afterwards wasted them. And in *Reynolds* v. *Reynolds* the final clause of the will was a devise and bequest of all his real and personal estate, and not of a residue or remainder.

From the above and many similar cases the doctrine seems to be fairly deducible, and thus to be established, that when the elements found in this case concur, viz., insufficiency of personal estate at the time of the making of the will, to pay debts and legacies, which must have been known to the testator; legacies given after the payment of debts, and directed to be paid within a time specified; then a disposition of the residue of the entire estate, without distinction between real and personal property; no devise of real estate, except of such as may fall into the residue — in such cases the legacies will be charged on the real estate, the personal estate being exhausted.

None of the grounds for the motion to dismiss the complaint seem

to have been tenable. The objection that the executrix of the will should have been made a party defendant, if it was ever available, was waived by not being taken either by demurrer or answer. (Code Civ. Pro., § 499.) The objection that the complaint should have embraced all the lands owned by the testator at the time of his death is answered by the suggestion that the thirty-seven acres had been first alienated by the parties taking under the will, under the familiar rule in equity that parcels of land sold, subject to the same liens or incumbrances, will be charged therewith in the inverse order of their alienation.

The judgment was correct, and must be affirmed.

All concurred, except BRADLEY, J., not voting.

Judgment affirmed, with costs.