THE AMERICAN BAPTIST HOME MISSION SOCIETY, THE AMERICAN BAPTIST MISSIONARY UNION AND THE BAPTIST MISSIONARY CONVENTION OF THE STATE OF NEW YORK, RESPONDENTS, *v.* EZEKIEL T. FOOTE, APPELLANT, IMPLEADED WITH OTHERS.

*Legacies, not specifically charged upon the real estate — when so charged, in default of sufficient personal property, under the terms of a gift of the rest, residue and remainder of the estate — pleading, foreign or domestic incorporation.*

A testatrix, after giving certain pecuniary legacies, provided by her will as follows: "I give, devise and bequeath all the rest, residue and remainder of my property, of every name and nature whatsoever, to Ezekiel T. Foote." There was no provision of the will specifically charging the legacies upon the real estate, and it appeared that the personal property left by the testatrix was insufficient, by about one-third of the amount thereof, to pay the legacies, and that she died seized of certain real estate.

In an action, brought to charge the real estate, passing under the residuary clause of the will, with the payments of the legacies:

*Held*, that, under the circumstances of this case, the legacies were charged upon such real estate.

*Semble,* that a complaint which states the facts from which a conclusion must follow, under the definition given in subdivision 18 of section 3343 of the Code of Civil Procedure, as to the plaintiff being a foreign or domestic corporation, although the fact is not specifically alleged, sufficiently complies with section 1775 of such Code.

APPEAL from an interlocutory judgment entered, upon the decision of the Delaware Special Term, in the office of the clerk of Delaware county, April 26, 1888, overruling the demurrer of the defendant Ezekiel T. Foote to the complaint.

The complaint alleges that the plaintiff "The American Baptist Home Mission Society" is a corporation duly organized and incorporated under special acts of the legislature of the State of New York, describing them; that the plaintiff "The American Baptist Missionary Union" is a corporation duly organized and incorporated, first under certain acts of the legislature of the State of Pennsylvania, describing them; also under an act of the State of Massachusetts, describing it; also under chapter 17 of the Laws of the State of New York for 1870, entitled "An act in relation to the American Baptist Missionary Union;" that the plaintiff "The Baptist Missionary Convention of the State of New York" is a corporation of the State of New York, duly organized and incorporated; that each of said corporations are authorized to receive the bequests thereinafter specified; that on December 14, 1882, Lois J. Fitch died, leaving a will of real and personal property, which was duly admitted to probate in Delaware county on January 29, 1883; that said will, after giving certain specific legacies, gave to each of the defendants, except Ezekiel T. Foote, a pecuniary legacy aggregating $1,200, and to each of the plaintiffs the sum of $500, and then came this clause: "Thirteenth. I give, devise and bequeath all the rest, residue and remainder of my property, of every name and nature whatsoever, to Ezekiel T. Foote, to have and to hold the same forever," and Orlo T. Foote is appointed executor; that the other defendants, except Ezekiel T. Foote, are made defendants because they decline to be plaintiffs, and the plaintiffs sue for the benefit of all the monetary legatees; that the said testatrix did not have sufficient personal property to pay said legacies in full, and the executor has had an accounting and settlement as to the personal property, resulting in a decree on March 13, 1885, distributing to

the plaintiffs each the sum of $340.70, and a proportionate amount to each of the other legatees, and the balance of the legacies, besides interest, is wholly unpaid; that the deceased left certain real estate, describing it, which is occupied by the defendant Ezekiel T. Foote, he having elected to take under the will as residuary legatee and devisee, and being in the receipt of the rents and profits, and refusing to pay the balance of the legacies. Judgment is demanded that the legacies be declared a lien on the real estate, and that the same be sold for their payment. The defendant Ezekiel T. Foote demurs on the ground that the complaint "does not state facts sufficient to constitute a cause of action, and is insufficient in law upon the face thereof."

*Robert T. Johnson*, for the appellant.

*John B. Gleason*, for the respondents.

MERWIN, J. :

It is claimed by the appellant that the complaint is insufficient on its face because it does not state whether the plaintiff "The American Baptist Missionary Union" is a foreign or domestic corporation, as required by section 1775 of the Code. It was held at Special Term that this section was substantially complied with, inasmuch as the facts were stated from which a conclusion must follow under the definition given in subdivision 18 of section 3343. This is a reasonable construction and should be followed. No point is made on this subject as to the other plaintiffs. If the complaint is good as to them, there is some doubt at least about the ground of demurrer as taken being available. If the point is made as to all the plaintiffs, it is not entirely clear that demurrer in this form will lie. (*Irving N. Bank* v. *Corbett*, 10 Abb. N. C. 85 ; *Hafner and S. F. Co.* v. *Grumme*, 10 Civ. Pro., 176.) But that question need not now be decided.

It is further claimed that under the will in question the legacies are not a charge on the real estate. There is no specific charge. The legacies are given and then comes the residuary clause — " all the rest, residue and remainder of my property." The effect to be given to such a residuary clause has been a matter for consideration in a great many cases with results not in harmony. The latest expression

of the views of the Court of Appeals is found in *Brill* v. *Wright* (20 N. Y. State Rep., 305). It is there said that the cases in this State establish these two propositions, first, that general language in a will giving legacies, followed by the usual residuary clause, is alone insufficient to charge the legacies on the realty; and, second, that such language will justify such charge, if it is made to appear by extrinsic circumstances, such. as may under the rules of law be resorted to to aid in the interpretation of written instruments, that it was the testator's intention that the legacies should be charged on the land. In that case, the testator, after providing for the payment of debts, gave to B. the sum of $2,000 to be paid within three months after his (the testator's) decease and then gave "all the rest and residue of all my real and personal estate" to other parties. It appeared that the debts were small and that the personal estate would have been sufficient to pay the legacy, had it not been for extraordinary expenses in the proof of the will and on the accounting. It was held that the legacy was not a charge on the real estate. Significance was given to the fact that under ordinary circumstances the personal estate would have been sufficient, and to the fact that the legacy was made payable in three months.

It may be that, under the rule laid down in the above case, the legacies in question would not, upon the face of the will, be a charge on the real estate. It is, however, alleged, and it is a proper circumstance to be considered, that the testatrix did not have sufficient personal property to pay the legacies in full. A circumstance of this kind, an inadequacy for the payment of legacies, although greater in degree, existed in the case of *McCorn* v *McCorn* (100 N. Y., 511), and was considered very significant on the question of intention. There was there, as here, the use of the expression, "*the rest of the property*," and that was deemed important. There was in the mind of the testatrix, in the use of the residuary clause, no distinction between real and personal property. It was all apparently as one mass from which she took and devoted to certain purposes certain sums, and the rest, or balance, gave to the residuary legatee. In this respect this case differs from the Brill case.

The complaint does not allege the date of the will. The allegation of inadequacy is general. We cannot assume there was any material change in the estate between the date of the will and the

death.   We must rather assume that inadequacy of the personal estate, as alleged, was known to the testatrix.   If the estate was depleted by any extraordinary circumstances, after the death or after the will was made, that is matter to be developed at the trial. The ordinary expenses of settlement the testatrix is supposed to have taken into account.   Nor can we assume that the amount of deficiency, about one-third, is such as can be fairly called a small and unexpected lack of personal property so as to have no bearing on the question of intention.   It is not to be presumed that the testatrix would, in form, give $2,700, to be paid out of a fund of $1,800.

Having in view the allegation of inadequacy and the form of the residuary clause, we are of the opinion that, under the complaint, the real estate would be chargeable with the balance of the legacies.

It follows that the judgment should be affirmed, with costs, with leave to the defendant to answer upon payment of costs of demurrer and of the appeal.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs, with leave to defendants to answer upon payment of costs of the demurrer and of the appeal.