AARON V. S. COCHRANE *v.* CHANCELLOR HAWVER, AS EXECUTOR, ETC., OF JAMES E. McCLURE, DECEASED, APPELLANT, CLARA V. McCLURE, RESPONDENT, AND OTHERS.

*When a note, secured by a mortgage given to secure the indorser for that and all other accommodation indorsements, should be paid by the executor of the deceased mortgagor out of the personal estate.*

One James E. McClure, having executed a mortgage to Lucius Moore to secure the latter against liability for any accommodation indorsements to be made by him, thereafter obtained the indorsement of Moore upon a note, and had the note discounted at a bank. Subsequently he died, leaving his widow surviving, and having made a will by which he left his property in trust for his child.

Upon an appeal from a judgment directing his executor to pay the note out of the personal estate of the decedent:

*Held,* that the judgment should be affirmed.

APPEAL from a judgment made at a Special Term, held in Columbia county, and entered in the office of the clerk of Columbia county on the 3d day of October, 1889, which directed that the claim of the plaintiff herein, and the costs of the action be paid by Chancellor HAWVER, as executor of the last will and testament of James E. McClure, deceased, out of the personal estate of the said deceased, without resorting to the real estate of the said deceased.

*Chancellor Hawver,* for the appellant.

*A. Frank B. Chase,* for the respondent.

LEARNED, P. J.:

The deceased, some sixteen years before making the note in question, executed a mortgage to Moore to secure him against liability

for accommodation indorsements to be made. After making the note he obtained the indorsement of Moore and had the note discounted at a bank. Subsequently he married Clara V., one of the defendants. After his marriage he died, leaving his widow surviving, and having made a will by which he gave his property in trust for his child. The note has not been paid by the maker or his estate. But the note and the mortgage have been assigned to the plaintiff. It, therefore, becomes important to the widow that the note should be paid by the executor out of the personal estate which is ample.

No question has been made whether Moore could maintain an action of foreclosure until he had been obliged to pay, and had paid the note. If he could not, then, of course, neither could the plaintiff. But we do not pass on this.

Of course there are cases in which the creditor in order to collect his debt is entitled to the benefit of securities held by the surety. But this right of the creditor is for his benefit. It is not for the purpose of controlling the question of marshaling the assets of the principal debtor. Therefore, this right of the creditor is of no consequence in this case.

The old rule was that a debt, though secured by a mortgage, was to be paid by the executor out of personal property. That rule is changed by 1 Revised Statutes (749, § 4), and the only question here is whether that statutory provision applies to this case. The reason of the statute was, undoubtedly, that though legally the mortgage is collateral to the debt, yet it is ordinarily thought of as the principal thing. The legislature saw that a testator, devising property which was subject to a mortgage, would usually intend that the devisee should take the land with the burden, and would not intend (unless he so expressly stated) that his personal property should be used to relieve the land. The legislature thus gave to a will the effect which the testator undoubtedly would intend. So, also, as to an intestate. But a mortgage of the kind in this case is very different. The mortgagor does not intend to permanently burden his estate. He only desires to secure his surety. He intends to perform to his surety the duty of paying the debt; and does not desire that the surety shall pay and then foreclose. The mortgage is not given to the creditor as security for the debt. It is a collateral

affair, intended merely to keep safe the surety. It is conditioned on the event that the surety suffer loss. The land is not specifically appropriated to the payment of the debt. It is appropriated only to the indemnity of the surety. The reason, therefore, of the statute fails. And though, as urged, the language may be broad, yet we are confident that this case is not within the intent of the statute.

We think, therefore, that the learned justice was right that the widow is entitled to the marshaling of assets which was provided for by the decree; that is, that the debt is to be paid, if possible, out of the personal estate.

Judgment affirmed, with costs against the executor, to be paid out of the estate.

INGALLS and LANDON, JJ., concurred.

Judgment affirmed, with costs to be paid out of estate.