We think the order should be affirmed, without costs of this appeal to either party.

MACOMBER, J., concurred; CORLETT, J., not voting.

Order appealed from affirmed, without costs of this appeal to either party.

---

IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF JOHN H. HOPKINS, AS EXECUTOR OF THE WILL OF ROSILLA D. OVIATT, DECEASED.

*Direction to an executor to pay a bond and mortgage on the testator's real estate — in case of a deficiency in the estate to pay all the legacies the payment on the bond and mortgage does not abate.*

A testatrix, by her will, provided as follows: "Third. My said trustee I hereby direct to sell and to convert into money my frame-house and the lot," etc., "and out of the proceeds of said premises to pay, first, the bond and mortgage upon my store." The will further provided for the payment of a number of legacies which, owing to a deficiency of assets, could not, all of them, be paid in full.
*Held*, that the direction to pay the bond and mortgage could not be construed to be a bequest of a legacy in such wise as that the amount to be paid thereon should be reduced or abate in the same proportion as the payments to be made on the legacies.

APPEAL, by Viola D. Schoecraft, by Arthur E. Sutherland, special guardian, from portions of a decree entered in the Surrogate's Court of Monroe county on December 9, 1889.

*Arthur E. Sutherland*, for the appellant Viola D. Shoecraft.

*Porter M. French*, for the respondents Wilson D. Oviatt and Percy Oviatt.

*John H. Hopkins*, executor in person, and for the respondent Adelia J. Babcock.

MACOMBER, J.:

The appeal is from that portion only of the decree of the surrogate which credits to the executor the full amount claimed by him in Schedule C of his accounts, being the sum of $3,844.15; and

which adjudges that there is a balance in his hands of only $540.10, and which directs the executor to pay to the commissioners of Mt. Hope the sum of $100, the interest of which last-named sum was to preserve in good order a burial lot in Mt. Hope Cemetery, and which requires the executor to pay the balance of the fund in his hands to the respondent Adelia J. Babcock, one of the legatees named in the will, or deposit the same with the treasurer of Monroe county.

The questions presented by this appeal arise upon the third provision of the last will of Rosilla D. Oviatt, which is as follows: "Third. My said trustee I hereby direct to sell and to convert into money my frame-house and the lot on which it stands situate upon the north-east corner of South avenue and Comfort street, in said city, and out of the proceeds of said premises to pay, first, the bond and mortgage upon my store and building situate on South St. Paul street, known as No. 38, south of Ely street, in the second clause above described; and, secondly, to pay any and all other debts I may owe therefrom; and then, thirdly, to deposit one hundred dollars therefrom, the interest to be used to keep up the lot, being north-east, one-quarter of lot No. 80 in Mt. Hope Cemetery for all time, either in a savings bank or with the commissioners of Mt. Hope, as he may deem best; and, fourth, to pay from said proceeds $500 to my sister Mrs. Adelia Jane Babcock, of Rochester, N. Y., now of Colorado, as her property forever; fifth, to pay to Viola D. Shoecraft, daughter of my deceased daughter Imogene Shoecraft, now of Washington Territory, the sum of one thousand dollars as hers forever; sixthly, to pay to Robert M. Shoecraft, son of my said daughter, now of the city of Rochester aforesaid, the sum of $500 to him and his heirs forever; seventh, that the balance of said proceeds shall be securely invested by my said trustee, and the income thereof shall be paid by him for and towards the education and improvement of the four children now living of Eugene A. Oviatt, until the youngest child is twenty-one years of age, and at that time said funds shall be equally divided between them, share and share alike, as theirs forever."

The executor, in pursuance of this provision of the will, sold the real estate so directed by the will to be sold by him, and with the avails thereof paid the bond and mortgage upon the other real estate

mentioned, amounting, at the time of payment, to the sum of $2,570. The appellant objected to the allowance of such payment, but such objection was overruled, and from the decision of the surrogate this appeal is taken. An elaborate argument has been made, by the learned counsel for the appellant, that the legacies mentioned in clauses one to six, inclusive, in the third paragraph of the will above quoted, stand on an equal footing, and inasmuch as there is a deficiency of assets to pay them all in full they must be paid ratably, and, that, consequently, the payment of the mortgage upon the block mentioned was unauthorized.

An answer to this argument is, in brief, that the testatrix was indebted by her bond for the payment of the amount secured by the mortgage resting upon her South St. Paul street store, and, being so indebted, she did, by her will, take the case out of the operation of the statute and charge the payment of such indebtedness expressly upon the avails of the sale of the house and lot on the corner of South avenue and Comfort street. Except for the statute (1 R. S., 749, § 4 [6th. ed.], vol. 2, 1130) the devisee could not be obliged to satisfy the mortgage out of his own property without resorting to the executor. But where there is an express direction in the will of the testator that such mortgage be otherwise paid, the same is as obligatory upon the executor as the payment and discharge of any other indebtedness of the decedent. (*Searles* v. *Brace*, 19 Abb. N. C., 17; *Cochrane* v. *Huwver*, 54 Hun, 556.)

In no sense can this clear and positive direction for the payment of an outstanding indebtedness be deemed a separate and independent bequest or legacy to the son, Wilson D. Oviatt and his children. The question, therefore, which has been discussed by the counsel for the appellant does not, in our judgment, arise upon the reading of this will.

It follows, therefore, that the decree of the surrogate should be affirmed, with costs to the respondents payable out of the estate.

DWIGHT, P. J., and CORLETT, J., concurred.

Decree of surrogate affirmed, with costs payable out of the estate.