Wells *v.* Wells.

carefully considered them, and we think there was no error in the result arrived at by the referee.

The order of the General Term is, therefore, reversed and the judgment entered upon the report of the referee is affirmed, with costs to the plaintiff at General Term and in this court.

All the judges concurred.

Judgment accordingly.

## WELLS *v.* WELLS.

*N. Y. Superior Court; Equity Term, November,* 1892.

1. *Wills; direction to pay debts.*] A direction in a will to sell testator's country residence and to apply the proceeds to the payment of "my just debts, both funded and otherwise,"—*Held,* in view of the entire will and the surrounding circumstances, to require payment of two bonds and mortgages executed by testator and covering other real estate, specifically devised by the will.

2. *The same; accumulation of rents creating a perpetuity.*] A direction in the will that the executors lease real property previously devised by the will until the net amounts derived therefrom shall amount to enough to pay all testator's debts, and then convey to the devisees, attempts to create an indefinite accumulation, and is in violation of the statutes limiting accumulations and the suspension of the power of alienation.

3. *The same; equity of devisee upon failure of provision intended to relieve devised lands from burden of mortgage.*] Testator devised three houses and lots among his children and grand-children severally, but directed his executors to lease the same and collect the rents until a sufficient sum was realized to pay all his debts, and then to convey to the several devisees. One of the houses was encumbered by two mortgages, which the court found were the debts intended to be so paid, but found that the attempted accumulation of rents for that purpose was void, as in violation of the statutes against accumulations and perpetu-

---
Wells *v.* Wells.
---

ities.  In an action to construe the will and to charge the three houses with the payment of the mortgage debts—*Held*, that the intent of the testator to charge the mortgage debts on the entire real property being established and the means selected having failed, the amount of the mortgages was on equitable principles chargeable upon the three houses, in proportion to the value of the respective parcels as shown upon the trial, and that the executors should be directed to convey at once to the several devisees subject to such proportionate charge.*

Trial by the court.

This was a bill filed by James N. Wells and William J. Wells, individually and as the executors of the last will and testament of James Nicholas Wells, deceased, for the judicial construction of the will of their testator.

The will, after directing payment of funeral expenses, testamentary charges and all just debts as soon after testator's death as conveniently may be, by its second paragraph directed his executors to sell his real property at Riverdale "and to apply the proceeds derived therefrom, towards the payment of my just debts, both funded and otherwise," and to divide the balance of the proceeds among his children and grand-children.  By the sixth paragraph of his will, testator directed his executors or the survivor of them after all his debts are paid, to deed three several parcels of property specifically described, to his four children and three grand-children as directed, adding " I do herewith will and direct my said executors or the survivor of them to lease or rent the property hereinabove referred to and described, and for such rent or rents as they or the survivor may deem for the best interest of my estate, and to continue to do so until the net amounts derived therefrom shall amount to enough to pay all my debts, when they or the survivor of them are to carry out the provisions set forth in the sixth section of this my last will."

* For an application of a somewhat similar principle, see Sarles *v.* Sarles, 19 *Abb. N. C.* 322, and cases there cited, and note on Acceleration and Compensation. *Id.* 331.

It appeared from the complaint and the proofs that testator had no personal property of any value· at the time of his death, having disposed of the same by gift in his lifetime and prior to the execution of the will, and was not indebted in any sum except upon the bonds and mortgages and the unsecured bond for $5,000 referred to in the opinion, the latter of which was executed subsequent to the will.

The further facts are fully stated in the opinion.

*James McG. Smith,* for plaintiffs.

*Remsen & Parsons,* for defendants.

MCADAM, J.—The action is brought for a judicial con-struction of the will of James N. Wells, deceased, and for instructions to plaintiffs, the executors and trustees under ·such will.

The testator was, at the date of his will and at the time of his death, the owner of a residence at Riverdale, in·the northern extremity of the City of New York, and ·of three houses situated on Ninth avenue, in said city, and known as numbers 189, 191 and 193. The Riverdale property was subject to a mortgage for $15,000 and 191 Ninth avenue to two mortgages for $8,000 each, all of which had been made by the testator as collateral to bonds given by him to secure borrowed money. He also had outstanding at the time of his death his bond to secure $5,000 which. was not secured by the mortgage or pledge of any particular property. This bond was made ·subsequent to the date of the will.

The testator owned no personal property of any value, having disposed of all his personal effects from time to time during his lifetime by gift to different members of his family. He was not engaged in any business or ad-·venture requiring or involving the incurrence of pecuniary liability, but was and had during his entire life been an .agent, factor and trustee, managing and controlling large

landed estates. He was a man of large experience in all matters connected with the ownership and management of real property and exercised extraordinary particularity in all matters of detail. His will was written with his own hand.

At the date of the will and at his death, he was a widower. His family consisted of three married children, James N. Wells, Jr., William J. Wells and Mrs. Hall, all of whom were living in their own homes; an unmarried daughter, Kate Wells, who had always lived with testator, and three infant grandchildren of the ages at his death of from fifteen to twenty years. They were the children of testator's deceased son David, and had lived in testator's family until the remarriage of their mother, some six years ago.

Only the most cordial and affectionate relations existed between the testator and every member of his family.

The will is set out in the complaint *in extenso* and need not be repeated here.

Acting under the directions of the will, the executors sold the Riverdale property for $22,000. Of this, $15,000 was deducted for the mortgage on the property. Of the $7,000 received by the executors they applied $5,000 to the payment of the bond referred to. They still have a sum of about $2,000 to be applied under the direction of the second paragraph as it shall be construed by the court. The first question submitted is whether the provisions of the second paragraph of the will, directing the payment from the proceeds of the sale of the Riverdale property of " my just debts, both funded and otherwise," include the two mortgages on 191 Ninth avenue, and whether it is the duty of the executors to apply the balance of about $2,000 now in their hands on account thereof. This, of course, depends upon the intention of the testator as indicated by the will.

At common law, the mortgage debt was primarily pay-

able, like other debts, out of the personalty by the executor in exoneration of the devise..

But under the Revised Statutes, where real property which is subject to a mortgage executed by the testator passes to a devisee, the latter must satisfy it, without resorting to the executor, unless there be an express direction in the will that the mortgage be otherwise paid (1 *R. S.* 749, § 4).

A mere direction in the will to pay debts is not enough to relieve the land from the burden of the mortgage (Rapalye *v.* Rapalye, 27 *Barb.* 610; Taylor *v.* Wendel, 4 *Bradf.* 324; Meyer *v.* Cahen, 111 *N. Y.* 270).

A direction in a will to pay all of testatrix's debts, " whether on bonds and mortgages or otherwise," has been held, in accordance with the apparent intent of the testatrix, to include mortgages on property included in deeds of gift executed by testatrix in her lifetime, as well as a mortgage on property devised (Waldron *v.* Waldron, 4 *Bradf.* 114).

It was held before the Revised Statutes that a testator might by dispositions and language tantamount to express direction charge his personal estate with the payment of an incumbrance subject to which he had purchased lands. The·intent gathered from the whole will was sufficient (Cumberland *v.* Codrington, 3 *Johns. Ch.* 229, 272).

So a mortgage given to secure an accommodation indorser for future indorsements does not charge the mortgaged lands in exoneration of the personal estate (Cochrane *v.* Hawver, 54 *Hun*, 556).

Where there is an express direction in the will that a mortgage be otherwise. paid than from the mortgaged lands so as to take the case out of the statute (1 *R. S.* 749, § 4) such mortgage debt is as obligatory upon the executor as is the payment and discharge of any other debt of the testator (Matter of Hopkins, 57 *Hun*, 9).

The use of the words " both funded and otherwise "

necessarily includes the debts secured by bond and mortgage, or the words become meaningless, a result not permissible, because contrary to the cardinal rule that the intent must prevail. The sense in which terms are used by a testator must, when ascertained, be adopted by the courts as controlling and given proper effect.

The term " funded" is not ordinarily used in connection with the debts of an individual; but if so used, must necessarily refer to debts which are embodied in securities of a permanent character, and to the payment of which certain property has been applied or pledged (see *Imperial Dictionary*, title " fund," and *Webster's Dictionary*, " fund ;" Ketchum *v.* City of Buffalo, 14 *N. Y.* 356).

The court must construe the language of the will so as to give effect to all of its terms. Unless the " funded " debts are mortgage debts, the use of the word in this instance is mere surplusage, as there is nothing to which it can be applied. The testator evidently intended to include something more than would have been indicated by the use merely of the words " just debts." This intent can only be effectuated by including the mortgage debts in the additional words used. The surplus arising from the sale of the Riverdale property must, therefore, be applied, on account of the " funded " debt represented by the Ninth. avenue mortgages.

The next question is whether the rents of testator's property are also intended to be applied to the payment of the mortgage debts, if the proceeds of sale of the Riverdale property are insufficient.

The second clause of the will says, at its end: "But if there is not enough derived from the proceeds of said sale, to pay all of my *said* debts, that then for my said executors, or the survivor of them, to apply the net income from what other property I may die possessed of towards the payment of *said* debts, until all my *said* debts are paid in full."

This clearly shows the intent of the testator to apply

the rents to the same class of debts as the Riverdale prop-
erty, and to make up any deficiency in their payment.

The court is next asked to pass upon the validity of the
provision of the sixth paragraph of the will directing the
executors to lease the previously devised property until
the net amounts derived therefrom shall amount to
enough to pay all the debts, and then to convey to the
devisees.

The provisions of the Revised Statutes regulating the
accumulation of rents and profits, and the creation of per-
petuities, are as follows :  It is provided in 1 *R. S.* 726, as
follows: " § 37.  An accumulation of rents and profits of
real estate, for the benefit of one or more persons, may be
directed by any will or deed, sufficient to pass real estate
as follows :

" 1.  If such accumulation be directed to commence on
the creation of the estate out of which the rents and prof-
its are to arise, it must be made for the benefit of one or
more minors then in being, and terminate at the expira-
tion of their minority.

" 2.  If such accumulation be directed to commence at
any time subsequent to the creation of the estate out of
which the rents and profits are to arise, it shall commence
within the time in this article permitted for the vesting of
future estates and during the minority of the persons for
whose benefit it is directed, and shall terminate at the
expiration of such minority.

" § 38.  If, in either of the cases mentioned in the last
section, the direction for such accumulation shall be for a
longer term than during the minority of the persons in-
tended to be benefited thereby, it shall be void as respects
the time beyond such minority.  And all directions for
the accumulation of the rents and profits of real estate,
except such as are herein allowed, shall be void."

It is provided in 1 *R. S.* 723, as follows :

" § 14.  Every future estate shall be void in its
creation, which shall suspend the absolute power of aliena-

tion for a longer period than is prescribed in this article. Such power of alienation is suspended, when there are no persons in being, by whom an absolute fee in possession can be conveyed."

"§ 15. The absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of not more than two lives in being at the creation of the estate, except in the single case mentioned in the next section."

It seems to be well settled that a suspension or accumulation for an absolute and definite fixed period, or for an indefinite period not measured by human lives in being, is in violation of the statutes. The direction to the executors to collect the rents until they accumulate to an amount sufficient to pay all the testator's debts, funded or otherwise, is clearly contrary to the statute provisions cited, and therefore void. The testator has not attempted to create such a trust as the statute authorizes; that is, a trust to sell lands ; a trust for alienation ; but the trust in the will is of an opposite character ; it is a trust to tie up the estate and prohibit all alienation, until all the debts of the testator, " funded " or otherwise, are paid ; a trust which, if properly declared, suspends the power of alienation until the purposes for which it was created have been accomplished (Hawley *v.* James, 16 *Wend.* 60).

These debts are to be paid not from sales, but from the rents and profits of the lands devised to the trustees. Such a direction is invalid because it might travel through a longer space of time than allowed for the suspension of alienation. Even the possibility, at the creation of an estate, that the event upon which it depends may exceed in point of time the authorized period, is fatal to it, and this, though it be subsequently demonstrated that the result was in fact accomplished within the time permitted.

There is no personalty, consequently no primary fund for the payment of the " funded " debts. There is no special devise for their payment, except by means of " the

Wells *v.* Wells.

rents and profits" of the realty, which disposition is, as before intimated, void, but the intent of the testator is nevertheless apparent, that the three pieces of property on Ninth avenue should discharge these obligations. That intent can best be effectuated by directing an immediate conveyance by the trustees to the devisees of the realty, charging it in proportion to the value of each piece with a proper share of the mortgage debt. In this manner form yields to substance, the intention of the testator prevails, and all objection to the legality of the trust as illegally suspending the power of alienation is at once removed. This seems just and equitable to all, for though some of the provisions of the will are declared void, the remaining portions are not to be construed as if the said provisions had not been contained in the will, but those provisions may be considered in giving a construction to the clauses which are valid (Tucker *v.* Tucker, 5 N. Y. 408).

The plaintiffs request that in the event of the court finding this attempted disposition of the rents and profits invalid and in violation of the statutes, the court give instructions as to the validity of the devises in the prior part of the sixth paragraph of the will, and whether it is their duty to immediately convey to the persons mentioned as therein directed.

The answer to this may be foreshadowed from what has preceded.

The will indicates an intent to charge all of testator's debts, including mortgage debts, upon his entire real property, in the event of the Riverdale property not producing a sufficient sum.

It is apparent from the fifth paragraph of the will that the testator understood that he possessed no personal property of any pecuniary value, and was solicitous to have his debts paid. This intent is reiterated in almost every dispositive provision of the will, and would satisfy the

requirements of the analogous rule as to charging legacies· upon lands.

Legacies have been deemed charged on the real estate· in cases where there was a known insufficiency of personal estate, and the surrounding circumstances give support to· such intent (Briggs *v*. Carroll, 50 *Hun*, 586 ; Am. Baptist Home Miss. Soc'y *v*. Foote, 52 *Id*. 307 ; Adkins *v*. Adkins, 13 *State Rep*. 193, and kindred cases).

The intent of testator to charge these debts on his· real property being·established, and the means selected having failed, the balance, on equitable principles, is chargeable upon the entire real estate devised, proportionately to the value of the respective parcels.

The will sufficiently expresses an intent to take the mortgage debts out of the general rule of the revised statutes, and put them in the same position as other general debts charged upon real property.

This created a lien which may be enforced by the executors either in equity or in the statutory proceeding to sell or mortgage the lands for debts.

Where the will shows an. intent to treat mortgage debts of the testator as ordinary debts, and the fund designated by him for their payment fails, they are chargeable upon his entire real estate devised, each portion of which must bear a share proportionate .to its value (Searles *v*. Brace, 19 *Abb. N. C*. 10 ; see, also, Matter of Hopkins, 57 *Hun*, 9).

There must be a decree in accordance with these views, and it must provide that the amount of the two mortgages is a charge upon the three Ninth avenue houses in proportions fixed by the respective values as proved at the trial, and, so charged, the executors may convey the land to the beneficiaries at once.