---

(23 Misc. Rep. 231.)

### In re BERRY.

(Surrogates' Court, Westchester County. December, 1897.)

TRANSFER TAX—ASSESSMENT.

> Where a testator directs the payment of mortgages on land devised, out of his personal estate, as permitted by Real Property Law, § 215, an appraiser appointed to assess the value of the succession to the personal estate, under the transfer tax law, is not entitled to deduct therefrom the amount of such mortgages.

Proceeding by the state to review an appraisal of the personal estate of John Berry, deceased. From a decree of the surrogate assessing a tax on such assessment, the state appeals. Decree modified.

Joseph W. Middlebrook, for appellant state comptroller.
Charles H. Ostrander, for respondent executors.

SILKMAN, S. This is an appeal on behalf of the state from a decree assessing the transfer tax upon the succession to the property of John Berry, deceased. From the will of John Berry, it appears that he died possessed of a considerable amount of personal property, and also of an equity of redemption in numerous pieces of real property. By the second clause of the will, he devised to his sister Elizabeth O'Neill the premises 34, 36, and 38 South Fourth avenue, Mt. Vernon, together with a lot on South Fifth avenue, which premises were incumbered by a mortgage for $21,000. By the third clause of his will, he devised to his niece Rebecca Berry the premises 31 South Fifth avenue, Mt. Vernon, which premises were incumbered by a mortgage for $3,000. By the fourth clause of his will he devised to his niece Mary Ann Berry the premises 33 South Fifth avenue, Mt. Vernon, which premises were incumbered by a mortgage for $2,000. By the eighth clause of his will he devised to

Elizabeth Havey, a stranger, the premises 16 Glen avenue, Chester Hill, Mt. Vernon, which premises were incumbered by a mortgage for $5,000. The ninth clause of his will contains the following provision:

"I direct my executors hereinafter named and appointed to pay all taxes and assessments and water rates confirmed and owing at the date of my death upon the real estate hereinbefore devised, and also to pay and discharge all mortgages covering the said real estate hereinbefore devised."

The appraiser, in arriving at the value of the succession to the personal property of which the testator died possessed, has deducted therefrom the amount of the mortgages upon the real estate. It is claimed on behalf of the state that in this respect the appraiser erred, and that the decree entered upon his report should be reversed or modified. In arriving at the value of the succession to the personal property, it is necessary for the appraiser to deduct the amount of debts owing by the testator at the time of his death, together with the expenses of the administration. In re Westurn's Estate, 152 N. Y. 93, 46 N. E. 315. Under the rule existing prior to the Revised Statutes, the mortgage indebtedness of a testator would have been payable out of his personal property, and the devisees would have taken the real estate discharged of the mortgages. But this rule was changed by the provision in the Revised Statutes which has been incorporated in Real Property Law, § 215:

"Where real property, subject to a mortgage executed by any ancestor or testator, descends to an heir or passes to a devisee, such heir or devisee must satisfy and discharge the mortgage out of his own property, without resorting to the executor or administrator of his ancestor or testator, unless there be an express direction in the will of such testator, that such mortgage be otherwise paid."

On behalf of the executors it is claimed that, as the testator has directed the mortgages to be paid out of the personalty, the real estate passes freed from the mortgages, as they would have under the common-law rule, and that the amount of such mortgages must be deducted from the value of the personal property, in measuring the value of the succession to it.

The question to be decided is not entirely free from doubt. The transfer tax law is silent upon the point involved. Provision is made (section 11) for the fixing of "the fair market value at the time of the transfer thereof of property of persons whose estates are subject to the payment of any tax imposed by this act"; and, to arrive at the fair market value of personal property, it has been held that it is necessary to deduct the amount of the decedent's debts. In Re Westurn's Estate, cited above. As the precise question before us has not been determined in any reported case, so far as I have been able to find, the intention of the legislature must be sought by the application of recognized rules of construction, and by the decision in analogous cases. The argument is not without force that the transfer tax law was passed with full knowledge of the provisions of the Revised Statutes above cited, and which permitted, in express terms, a direction by a testator for the payment of mortgages out of his personal estate, and that the transfer tax law must be read in

connection with such provision of the Revised Statutes. Neverthe-less, I am of the contrary opinion. There does not seem to be any necessity for reading the two statutes together, while, on the other hand, such construction should be given to the transfer tax law as would make its application uniform and equitable, "and such con-struction should be put upon it as does not suffer it to be eluded." People v. Insurance Co., 15 Johns. 357. The succession to real estate passing to near relatives is not subject to any tax, while the succes-sion to personalty is taxable at the rate of 1 per cent. It will readily be seen that, if the construction contended for by the executors were to be adopted, a great temptation would exist to elude the payment of taxes by the creation of mortgages, perhaps in favor of intended legatees, and then directing their payment out of personalty. The tax law, as has been determined, has to do with facts which are not to be disturbed by the application of equitable rules or legal fic-tions. In re Sutton's Estate, 3 App. Div. 208, 38 N. Y. Supp. 277; Id., 149 N. Y. 618, 44 N. E. 1128. The testator here died possessed of a certain amount of personal property, and the equity of redemp-tion in real property. The direction to pay mortgages upon the real property in which he owned an equity of redemption was nothing more nor less than an equitable conversion of a certain amount of personal property into real property. It is true that the direction to pay the mortgages out of the personalty is in no sense a legacy, but tax laws are not to be governed or construed by the same rules that apply to the construction of wills; and for that reason I do not feel bound by the decision in Re Hopkins, 57 Hun, 9, 10 N. Y. Supp. 264.

From the view that I have taken of this case, it becomes necessary for me to modify the decree entered upon the report of the appraiser, in so far as it takes from the personal property the amount of the mortgages upon the real estate, in fixing the fair market value of the personal property. Let a decree be entered in accordance with the views expressed, with the costs to the appellant.

Decree modified, with costs to appellant.