(72 Misc. Rep. 247.)

### SOUTHAMPTON HOSPITAL ASS'N v. FORDHAM et al.

(Supreme Court, Special Term, Suffolk County.  May, 1911.)

PERPETUITIES (§ 8*)—SUSPENSION OF POWER OF ALIENATION—VALIDITY.

A gift by will to any legally incorporated hospital situated in a certain place at the testator's death or within five years thereafter, with directions to the executors to hold the funds for five years from testator's death, is void, where there is no such hospital at his death, as an attempt to suspend the absolute power of alienation for a period not measured by lives.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 57–66; Dec. Dig. § 8.*]

Action by the Southampton Hospital Association against Henry P. Fordham and another, executors of Henry P. Norton.  Findings ordered for defendants.

O'Brien, Boardman, Platt & Littleton, for plaintiff.
Timothy M. Griffing, for defendant Chatfield.
Harri M. Howell, for defendant Norton.

ASPINALL, J.  This action is brought by the plaintiff to construe the second clause of the third paragraph of the last will and testament of Henry P. Norton, late of the county of Suffolk, deceased, which reads as follows:

"All the rest of such money and such personal estate I may have I give to any legally incorporated hospital which is situated in Southampton at the time of my death or within five years from the time of my decease, and I direct my executors to hold such funds for the term of five years from the date of my death.

"If there be no hospital so established at Southampton at the date of my death nor within said five years then in that event I give the entire fund above described to the Eastern Long Island Hospital at Greenport, N. Y.  My intent is to give an amount equal to one-half of my estate to said hospital as set forth above.  The balance to be divided the same as if I had died intestate."

The will was admitted to probate on the 4th day of January, 1909, in the county of Suffolk; but at that time there was pending, on behalf of the father of the deceased as his sole heir at law, an application for the surrogate to pass upon the validity of the second clause of the will; and, in the month of July, 1909, the surrogate of said county rendered a decision declaring the provisions of the second clause of the third paragraph of said will void.

The plaintiff in this action was not in existence at that time, and therefore was not in any way bound by the surrogate's decision; but, after its incorporation later in the month of December, 1909, this action was commenced.

I have read all the documentary evidence submitted to me upon the trial.  I have carefully read the briefs and have made a thorough examination of the law which, in my opinion, governs the questions involved; and I can arrive at but one conclusion, to wit, that the second clause of the third paragraph of the will of Henry P. Norton is abso-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lutely void, and as to the property attempted to be devised by said clause the testator died intestate, for the reason that the suspension of the ownership of the property is not limited by the lives of two persons in being at the time of the execution of the will, but by a term of years.

The plaintiff in this action, however, in its effort to sustain this clause, relies upon chapter 701 of the Laws of 1893, and particularly upon the case of Allen v. Stevens, 161 N. Y. 122, 55 N. E. 568.

It is undoubtedly true that the case of Allen v. Stevens has been cited and followed for a few years past; but in my opinion the construction of the statute of 1893, as laid down in that case, has been modified, and the courts have returned once again to the old rule of law which provided that a person may by will devise and bequeath property to a corporation to be formed after his death, if it is therein provided that such corporation shall be so formed and the property vest in it within a period not longer than the lives of two persons in being at the time of the execution of the instrument. See Pers. Prop. Law (Laws 1897, c. 417) § 2; also, Smith v. Chesebrough, 176 N. Y. 317, 68 N. E. 625; and more particularly the case of St. John v. Andrews Institute, 191 N. Y. 267, and more especially at page 278, 83 N. E. 981.

Let the proper findings be prepared in accordance with the above decision and settled before me upon notice.

Ordered accordingly.