that she relied upon the warranty, which she offered to do after the case was closed and the point raised, but because there was no burden or obligation upon her to make such proof. This was not a sale with warranty in the usual and technical acceptation of the term. It was a sale with representations as to quality, the truth of which defendant was not called upon to believe at the time they were made. She was not called upon to believe or rely upon these representations, for the very good reason that their truth or falsity was by the express terms of the contract to be determined by an actual test of the machine. The contract between the parties was in substance this: Plaintiff said to defendant, here is a machine that will do good work. You do not have to take my word for it. Take the machine itself and test it. If it does work well, it is your machine; if it does not work well, you return it, and that will settle the transaction. Defendant took the machine on those conditions.

The very language of the contract, taken at length or as summarized above, absolutely negatives the idea that defendant relied upon the truth of those representations, or that plaintiff expected her to rely upon them. Their truth or falsity, it was well understood by both parties, was to be determined by an actual trial of the machine. The fact that these representations were called warranties in the written contract does not make them such, in the sense that defendant had to rely upon and believe them. If so, then the provision in the contract whereby defendant was permitted to determine their truth by an actual test served no useful purpose, and might just as well have been omitted entirely. It follows, therefore, that, if defendant was not called upon to believe and rely upon such representations or warranties at the time they were made, she was not called upon at the trial to prove that she did believe and rely upon them. It was error, therefore, on the part of the court, to direct a verdict because of defendant's failure to make such proof, and a new trial must be granted.

It would hardly seem necessary to have to cite authorities in support of the views above expressed. The case of Van Publishing Co. v. Westinghouse, Church, Kerr & Co., 72 App. Div. 121, 76 N. Y. Supp. 340, however, seems to be in point.

The motion for a new trial is therefore granted, but without costs.

Motion granted, but without costs.

---

(76 Misc. Rep. 85.)

## In re PIERCE'S ESTATE.

(Surrogate's Court, Oneida County. March, 1912.)

PERPETUITIES (§ 7*)—SUSPENSION OF POWER OF ALIENATION—PERSONAL PROPERTY.

A bequest to the church of which testatrix had been a member, in trust for 15 years, the income to be applied to the expenses of the church as its financial officers and the society might determine from time to time, with the direction that at the end of the trust period, or at the prior disbandment of the church, the principal should be paid to the next of kin of the deceased sister of testatrix, as if she had died

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

intestate, is void on its face, as in violation of Personal Property Law (Laws 1897, c. 417 [Consol. Laws 1909, c. 41]) § 2, providing that the absolute ownership of personal property shall not be suspended by any limitation or condition in a will for more than two lives in being at the death of testator.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 48, 54, 55; Dec. Dig. § 7.*]

In the matter of the estate of Martha Calista Pierce. Will construed by decree directing distribution.

C. Lansing Jones, for administrator c. t. a.

H. C. Buck, for trustees of Pilgrim Congregational Church of Clayville.

SEXTON, S. The validity of the following portion of the will of said deceased is challenged:

"Eighth. I do give and bequeath unto the Pilgrim Congregational Church of Clayville, Oneida County, N. Y., of which I am a member, the sum of ($500.00) five hundred dollars, in trust nevertheless to be kept securely invested for fifteen years from the date of my death and use the income therefrom for the expenses of said church and the society connected therewith as the financial officers of said church and society may determine from time to time, if said church so long continues its existence, and at the end of fifteen years from the date of my death, or sooner if said church should disband before that date, and at the date it disbands, I do hereby give and bequeath said sum of ($500.00) five hundred dollars unto the next of kin of my sister, Mrs. Mary E. Hitchcock, in the same manner and proportions as if said Mary E. Hitchcock had died intestate and was the absolute owner of said ($500.00) five hundred dollars at the date the said church has no right to the income as above set forth."

July 8, 1910, a petition for a judicial settlement in this estate was filed, and on July 25, 1910, a decree was entered passing the account as filed; but no notice was given to the said Pilgrim Congregational Church of Clayville by the accounting party. On December 7, 1911, said Congregational Church petitioned this court for an order directing the administrator with the will annexed to pay to said church the $500, as provided by said will. An answer was filed by said administrator alleging that said provision of the will was void and asking that its validity be determined.

The only issue is one of law. It is conceded that said Pilgrim Congregational Church is an unincorporated association. The point is made that such an association is incapable of acting as trustee under the law. While this seems clear under the authority of Fralick v. Lyford, 107 App. Div. 543, 95 N. Y. Supp. 433, affirmed 187 N. Y. 524, 79 N. E. 1105, Mount v. Tuttle, 183 N. Y. 358, 76 N. E. 873, 2 L. R. A. (N. S.) 428, Catt v. Catt, 118 App. Div. 744, 103 N. Y. Supp. 740, Murray v. Miller, 178 N. Y. 316, 70 N. E. 870, and Manley v. Fiske, 139 App. Div. 665, 124 N. Y. Supp. 149, approving Fralick v. Lyford, 107 App. Div. 543, 95 N. Y. Supp. 433, supra, I will not further consider that point, for the reason that said bequest is void upon its face, because by its very terms it violates the

provisions of the Personal Property Law of 1897 (Laws 1897, c. 417, [Consol. Laws 1909, c. 41] § 2) which reads as follows:

"The absolute ownership of personal property shall not be suspended by any limitation or condition, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limitation or condition; or, if such instrument be a will, for not more than two lives in being at the death of the testator."

A suspension or accumulation for an absolute and definite fixed period, or for any indefinite period, not measured by human lives in being, is a violation of the statutes. Wells v. Wells (Super. N. Y.) 24 N. Y. Supp. 875. No absolute term, however short, can be sustained. Hone's Executors v. Van Schaick, 20 Wend. 564.

The provision of a will whereby the power of alienation of real property is arbitrarily suspended, in the hands of a trustee, for a term of three years, is void, under the statute of perpetuities, as the length of the trust is made to depend on years, and not on lives, and may exceed the limit of two lives. McGuire v. McGuire, 80 App. Div. 63, 80 N. Y. Supp. 497; Smith v. Edwards, 88 N. Y. 92. The provision of a will which gives a legacy to an unincorporated society, or, to a society unable to take for any other cause, to its chief executive officer to its uses and purposes, is void. Fairchild v. Edson, 154 N. Y. 199, 48 N. E. 541, 61 Am. St. Rep. 609. On the subject of an attempt to suspend the absolute power of alienation for a period not measured by lives, see, also, the following authorities: Southampton Hospital Ass'n v. Fordham, 72 Misc. Rep. 247, 131 N. Y. Supp. 91; St. John v. Andrews Institute, 191 N. Y. 254, 83 N. E. 981, 14 Ann. Cas. 708.

My conclusion is that the eighth paragraph of the will is absolutely void, and that as to the property attempted to be bequeathed by said paragraph the testatrix died intestate, for the reason that the suspension of the ownership of the property is not limited by the lives of two persons in being at the time of the execution of the will, but by a term of years. A decree may be entered directing the administrator with the will annexed to distribute said $500 and its accumulations, if any, as provided by statute.

Decreed accordingly.